### THE STATE *v.* CLERK ET AL.

[No. 2,132. Filed October 1, 1896.]

BAIL.—*Quashing Indictment.*—By the quashing of an indictment, and the discharge of the defendant, the recognizance bond becomes inoperative and void, and is not revived by the filing of an affidavit and information against him on the same charge during the same term of court.

From the Sullivan Circuit Court. *Affirmed.*

*W. A. Ketcham,* Attorney-General, *C. D. Hunt,* Prosecuting Attorney, and *W. H. Bridwell,* for State.

*G. W. Buff, W. R. Nesbit, A. D. Leach* and *J. S. Bays,* for appellees.

Ross, J.—This was an action brought in the name of the State against the appellees upon a recognizance bond.

Counsel are apparently agreed upon the facts, which are in substance as follows: The grand jury impaneled, at the March term, 1895, of the Sullivan Circuit Court, indicted the appellee, Harry Clerk, for perjury, and he was arrested during that term of the court and executed a recognizance bond, with his co-appellee, R. D. Clerk, as surety thereon. At the succeeding, or May term of the Sullivan Circuit Court, the indictment was quashed and the accused discharged. Subsequently, and during the same term of the court, an affidavit and information was filed charging the appellee, Harry Clerk, with the same offense with which he was charged in the indictment which had been quashed. No arrest was made under the affidavit and information, neither did the accused appear or plead thereto, but the case was set down for trial on a future day, and when the day for trial arrived, the accused not appearing, the court declared the recognizance bond, given when he was arrested under the indictment, as forfeited, and this action was brought to recover the penalty of the bond under the order of forfeiture. The demurrer to the cross-complaint admits these facts to be true.

When the indictment was quashed and the defendant discharged, the recognizance bond was canceled and became inoperative and void. The filing of the affidavit and information was the commencement of a new action, requiring the rearrest of the accused. By the quashing of the indictment the charge against the defendant was withdrawn, and the court having discharged the accused, no subsequent proceeding on the part of the State by making a new charge could rehabilitate and make effective the recognizance bond which was canceled and became inoperative and void when the prisoner was discharged.

The assumption of appellant's counsel that the

Baltimore, etc., Railroad Company *v.* Countryman, Assignee, etc.

quashing of the indictment and discharge of the prisoner by the court did not relieve the accused from future attendance upon the court, or cancel and destroy the validity and effectiveness of the recognizance bond, is wholly untenable.

The facts alleged in the cross-complaint, if true, were sufficient to entitle the appellees to the relief prayed for.

The judgment of the court below is affirmed.