NORMAN FLICK *v*. STATE OF INDIANA.

[No. 371A47. Filed November 16, 1971.]

*Dean E. Richards, DeWitt, Richards & Manahan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ROBERTSON, J.—This appeal was commenced in the Supreme Court of Indiana, but was transferred to this court in accord with IC 1971, 35-4-5-12, Ind. Ann. Stat. § 9-3733b (Burns 1971), which vests jurisdiction of bail bond forfeitures in the Appellate Court.

Appellant Flick, a professional bail bondsman, acted as surety on a $2500 bond for Edward Nolan, who had been charged with second degree burglary. The bond was made on the 26th day of July, 1969. Nolan appeared in Municipal Court 3 on the 8th of August, and entered a plea of not guilty. Nolan was then bound over to the grand jury and indicted on the same charge.

Nolan failed to appear in Criminal Court 2 on the 6th of November, 1969; however, a failure of the clerk's office in giving notice to Flick caused arraignment to be reset for the 18th of December, 1969, with the clerk's records indicating notice being sent to Flick on the 3rd of December, 1969. The defendant again failed to appear with the court taking action towards forfeiting the bond.

Flick filed a motion to set aside the action of the court. The court denied the motion, after a hearing, on the 16th of April, 1970.

Before proceeding to the merits of the case at bar, it is necessary to note the practice in Marion County of handling felony cases, which has been referred to by both parties to this appeal.

The Marion County Municipal Courts are limited in jurisdiction to preliminary hearings is felony prosecutions. *State ex rel. Hale* v. *Marion Mun. Ct., Barton, J.* (1955), 234 Ind. 467, 127 N. E. 2d 897; *Wischmeyer* v. *State* (1929), 200 Ind. 512, 165 N. E. 57; IC 1971, 33-6-1-2, Ind. Ann. Stat. § 4-5802 (Burns 1971); IC 1971, 18-1-14-5, Ind. Ann. Stat. § 4-6002 (Burns 1968). In the even the cause is not terminated by a discharge or a plea to a lesser charge, the defendant is then bound to the Criminal Courts by way of indictment or affidavit.

From the record presented in this cause, it would appear that the practice is to make a "boundover" bond at that time.

The applicable part of the bond in question, worded in conformity with IC 1971, 35-4-5-10, Ind. Ann. Stat. § 9-3733 (Burns 1971), reads:

". . . the defendant shall appear on the *8* day of *August,* 1969, in the M3 COURT OF MARION COUNTY, to answer a charge of *burglary* and from day to day and from term to term thereof, and abide the order of the Court, until such cause is determined. . . ."

The substance of Flick's first contention, is that the defendant did appear at the time and place stated on the bond, therefore, his obligation is completed and that Criminal Court 2 did not have authority to forfeit the bond.

The appellant's view of his obligation as imposed by the bond, and by the statute, is all too narrow.

"The recognizance as provided for in section 82 [§ 9-722][1] hereof shall be continuing, and the defendant shall not be required to renew it during pendency of the proceedings, unless ordered to do so by the court for cause shown. But, at each term of the court, after such recognizance is taken, the court shall inquire into the sufficiency of the sureties." IC 1971, 35-1-22-5, Ind. Ann. Stat. § 9-1032 (Burns 1956).

Considering the clear language contained in the bond, and the statute, the obligation of the surety extends throughout the entire transaction of the defendant's case, from the time of making bond until final judgment. The preliminary hearing in a Marion County Municipal Court in a felony case is just one of the normal steps in the criminal justice process of reaching a final disposition of a case through the criminal court system as it exists in law and in fact.

---

1. Ind. Ann. Stat. § 9-722 (Burns 1956) was repealed, however, the law contained in that section was incorporated in IC 1971, 35-4-5-10, Ind. Ann. Stat. § 9-3733 (Burns 1971); IC 1971, 35-4-5-11, Ind. Ann. Stat. § 9-3733a (Burns 1971); and IC 1971, 35-4-5-12, Ind. Ann. Stat. § 9-3733b (Burns 1971), with some minor changes, primarily affecting length of notice to parties involved in bond forfeitures.

Appellant cites as his authority for the strict interpretation of this bond the hoary cases of *Lyons* v. *State* (1824), 1 Blackford 309; *Hannum* v. *State* (1871), 38 Ind. 32; and *State* v. *Clerk* (1896), 16 Ind. App. 137, 44 N. E. 812. In the *Lyons* case, *supra,* the defendant was tried by jury, acquited, and discharged by the court. Forfeiture of his bond was set aside. In the *Clerk* case, *supra,* the indictment was quashed, with the defendant being discharged. In the case at bar, the final termination aspect is not present. The *Hannum* case, *supra,* involved a failure of a justice of the peace to give notice of the changing of the location of his office. The defendants appeared at the old office, while the justice was defaulting them at his new office. The default was set aside on the grounds that the justice of the peace's action was a nullity. The facts alone make this case distinguishable from the one at bar.

The second error assigned by Flick, is that he did not receive the prescribed 72-hour notice as required by IC 1971, 35-4-5-8, Ind. Ann. Stat. § 9-3731 (Burns 1971). As previously indicated, the clerk's office did fail to send timely notice in November, however, the record reveals the notice of forfeiture was timely sent for the rescheduled arraignment on the 18th of December, 1969.

This opinion should not be construed in any way as placing limitations upon the criminal court in making changes in either the amount or the surety of the recognizance bond, if, in their opinion, cause exists warranting such a change.

Finding no reversible error, the judgment of the trial court is affirmed.

Sullivan, P.J., Buchanan and Lowdermilk, JJ., concur.

NOTE.—Reported in 274 N. E. 2d 725.