WILLIE REDELL LAY *v.* STATE OF INDIANA.

[No. 1-1174A167. Filed June 19, 1975.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant (Lay) was charged by information with the offense of theft and was tried by jury and convicted. Lay was duly sentenced and now brings this appeal to us raising two issues, namely:

(1) Is the evidence sufficient to support the conviction?

(2) Did the trial court err in admitting certain evidence?

The evidence most favorable to the State reveals that on February 9, 1974, at about 12:30 o'clock P.M., three women, hereinafter referred to as A, B, and C, shipped four footlockers by bus from Evansville, Indiana, to Memphis, Tennessee. These footlockers were all mailed to the same address but to different parties.

On February 10, 1974, at about 1:00 o'clock P.M., Lay and B purchased two green footlockers. On said date, between the hours of 1:00 and 3:00 o'clock P.M., she returned to the bus station and shipped two similar green footlockers.

Later on the day of February 10, 1974, at about 4:30 o'clock P.M., A and B entered the men's suit department of a Sears' department store in Evansville where they were kept under surveillance by store clerks alerted by their suspicious behavior. One of the women concealed on her person a custom tailored suit valued at $150.00 and then both women left the store without either paying for the suit. A store clerk who had detected the theft gave chase while another clerk notified the store security department.

Lay was sitting in his parked automobile on the store parking lot at the no parking zone when the women fled from the store, closely pursued by the store clerks and a store security officer (an off-duty Evansville police officer), and before the women could be overtaken each entered Lay's automobile which was moving forward as each entered the same. The security officer shouted "Stop, police," but the car driven by Lay sped away. The officer noted the make of the automobile and license number and related the information to the Evansville police dispatcher, who put out a "Be on the lookout" bulletin. (BOL) Later, the same afternoon, Lay was apprehended in the same automobile while driving alone.

After apprehension Lay was taken to police headquarters and questioned by detectives where, in an effort to produce the rental receipt for the automobile he was driving, Lay displayed several documents from a wallet, one of which

was a "bus bill" or receipt, dated February 9, 1974, for property shipped by bus from Evansville, Indiana, to Memphis, Tennessee. This bus bill was the original receipt for one of the four footlockers shipped by A, B, and C on February 9, 1974.

While Lay was still in custody, on February 10th, 1974, at approximately 7:30 o'clock P.M., A returned to the bus station and shipped another trunk to Memphis. Police seized the trunk and pursuant to a search warrant searched the trunk and determined that same contained the stolen suit as well as other new articles of clothing. The jury was permitted to hear evidence regarding all the contents of the seized trunk.

Lay argues the evidence is insufficient to support a conviction for the reason that the State failed to prove that he (Lay) knowingly participated in the alleged theft.

While it is true that this court may neither weigh the evidence and resolve questions of credibility of the witnesses in resolving questions of sufficiency of the evidence to sustain a criminal conviction, this court may examine only the evidence most favorable to the State, together with all reasonable and logical inferences deducible therefrom. If, from that viewpoint there is substantial evidence of probative value from which the trier of fact could have reasonably inferred guilt beyond a reasonable doubt, the conviction will not be disturbed. *Reed* v. *State* (1970), 255 Ind. 298, 263 N.E.2d 719.

IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns Supp. 1974) defines theft as is pertinent in this case as follows:

"Theft in general.—A person commits theft when he (1) knowingly:

(a) obtains or exerts unauthorized control over property of the owner; . . . and

(2) either:

(a) intends to deprive the owner of the use or benefit of the property; or . . ."

The two women (A and B) were seen in the store and one was seen to pick up the suit and hide it in a hand bag and the two were seen leaving the store together with officials of the store in hot pursuit after them. The crucial question is whether Lay did or did not knowingly participate in the theft of the $150.00 suit. The law is well settled that Lay would be liable as a principal if he aided or abetted in the commission of a theft. IC 1971, 35-1-29-1, Ind. Ann. Stat. § 9-102 (Burns Supp. 1974).

Lay argues that proof of his presence at the scene of the crime was not sufficient evidence to convict him of participation in the crime. The case of *Cotton* v. *State* (1965), 247 Ind. 56, 211 N.E.2d 158, 212 N.E.2d 159 holds that a party who aids or abets in the commission of a crime is guilty as a principal.

However, the trier of facts may consider such presence in connection with other circumstances in determining the guilt of a party involved. *Cotton, supra,* further holds:

"Even if there were no active participation in the commission of the crime, failure to oppose it at the time, companionship with another engaged therein, and a course of conduct before and after the offense of such circumstances may be considered in determining whether aiding or abetting may be inferred." (Cases cited omitted.)

Lay's aiding and abetting in the crime could be determined by the jury from the following facts: Lay was at the scene of the crime; his car being parked in a "no parking" zone in Sears' parking lot could imply positioning of the vehicle for a getaway; he saw the two women companions being pursued by two store clerks and store security officer (who was not in uniform) and began to drive slowly forward while the two women entered his automobile and ignored the shouted command to "Stop, police!" and fled from the scene, and further, he was apprehended alone a short time later driving the same automobile.

Companionship, presence and flight present ample evidence from which a reasonable inference could be drawn that Lay

had knowledge of and participated in the commission of the theft.

The case of *Samuels* v. *State* (1974), 159 Ind. App. 657, 308 N.E.2d 879, 881, held the following:

"Conspiracy may be inferred from acts committed in 'an apparent criminal or unlawful purpose.' *Gaynor* v. *State* (1966), 247 Ind. 470, 217 N.E.2d 156, and authorities cited therein. Additionally:

'It is not necessary to prove that the defendants came together and actually agreed in terms to have the unlawful purpose, and to pursue it by common means. If it be proved that the defendants pursued by their acts the same object, often by the same means, one performing one part and another another part of the same so as to complete it with a view to the attainment of that same object, the jury will be justified in the conclusion that they were engaged in a conspiracy to effect that object.' (Citing authorities.) *Lane* v. *State* (1972), [259] Ind. [468], 288 N.E.2d 258, 261."

The evidence is adequate and sufficient to present a reasonable inference that Lay had knowledge of and participated in the commission of the theft.

Under the second issue presented, Lay contends that the bus bill seized from him and introduced into evidence over his objection, was highly prejudicial to him and was entered into evidence so that the jury would infer that he had a disposition to commit the crime charged.

The State at no time attempted to show the trunks shipped on February 9th, and for which Lay had the original bus bill, contained stolen property. Further, the women who shipped the trunk seized at the bus station had shoplifted the suit from Sears on February 10th. The State contends that the original bill was introduced to show that Lay and the women were acquainted and connected before the Sears' shoplifting incident. In our opinion, the bus bill was relevant for this purpose and possession of the bus bill did not tend to prove that Lay committed separate criminal acts. The shipping of personal property by bus is not illegal.

Lay contends that the court erred in admitting into evidence information concerning all the contents of the trunk in which a stolen suit had been shipped. He urges that inasmuch as he was in jail at the time the trunk was shipped that any evidence concerning the shipment was not a part of the *res gestae*.

In answer to the above, the State answers that the contents of evidence directly connected Lay with the crime charged. The law is well established in Indiana that relevant evidence tending to prove a defendant guilty of the crime charged is not inadmissible merely because it tends to prove the commission of separate criminal acts.

In the case of *Grimes* v. *State* (1972), 258 Ind. 257, 280 N.E.2d 575, 578, the appellant urged error for admission of evidence similar to the manner as was done in the case at bar. The Supreme Court did not agree, and had this to say:

> "There was ample evidence from which the jury could conclude that the appellant and his woman companion were acting in concert in the preparation of the robbery. Any and all acts performed by either of them in the course of the robbery are part of the *res gestae*, and as such are admissible in evidence, even though those acts may tend to show the commission of criminal acts other than those charged in the affidavit."

In *Olson* v. *State* (1973), Ind. App., 304 N.E.2d 830, this court, in speaking on the same subject said:

> "There are several well established exceptions recognized to the general rule in Indiana that evidence of conduct which shows or tends to show that the defendant committed a crime separate and distinct from the crime with which he is charged is irrelevant and inadmissible. Evidence showing separate crimes is admissible if the purpose for its introduction is to show intent, motive, identity, guilty knowledge, or a common scheme or plan. (Cases cited omitted.) 'It is the probative value of such evidence to prove the crime charged that makes the evidence admissible and not the fact that it proves or tends to prove the defendant guilty of other crimes.' *Smith* v. *State* (1939), 215 Ind. 629, 21 N.E.2d 709. These rules apply without regard to whether the challenged evidence relates to conduct occurring prior or subsequent to the offense charged." (Cases cited omitted.)

In the case at bar, the State at no time attempted to show that the trunk shipped on February 9th and for which Lay possessed the original bus ticket contained stolen property. The women who shipped the trunk subsequently shoplifted the suit from Sears. The purpose of showing the shipping of the trunks by the ladies was to show that Lay was acquainted and connected with them before the Sears shoplifting incident and the bill was relevant for this purpose. We cannot say that the possession of the bus bill did or did not tend to prove that Lay committed separate criminal acts.

See also, *Fenwick* v. *State* (1974), 159 Ind. App. 311, 307 N.E.2d 86 at 89, 90.

Finding no reversible error, the judgment is in all things affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 329 N.E.2d 650.