VIVIAN RHIM *v*. STATE OF INDIANA.

[No. 2-474A95. Filed November 26, 1975. Rehearing denied January 15, 1976. Transfer granted June 18, 1976.]

*Robert G. Mann,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Henry O. Sitler,* Deputy Attorney General, for appellee.

### CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Vivian Rhim (Rhim) belatedly appeals from a trial court judgment convicting her of attempting to procure a miscarriage[1] (abortion), claiming the Abortion Statute is unconstitutional, and insufficient evidence to support her conviction.

We affirm.

### FACTS

The facts and evidence most favorable to the State and in support of the judgment of conviction are:

On September 30, 1967, Judith Nunn (Nunn), in good health and between two and three months pregnant, went to a room in a Howard Johnson Motel in Indianapolis, Indiana. There Nunn met Rhim and Anna Meadows (Meadows) for the purpose of obtaining an abortion for $200.00. After several minutes of conversation, Nunn laid down on a bed and Meadows "inserted a clamp in my [Nunn's] body, and scraped out my [Nunn's] uterus", so as to "cause the fetus to dislodge". While the abortion was being performed, Rhim held a light for Meadows.

---

1. IC 1971, 35-1-58-1, Ind. Ann. Stat. § 10-105 (Burns 1956) (the Abortion Statute).

Jacqueline Tomulonis (Tomulonis), who accompanied Nunn, corroborated these facts and further that several weeks prior to September 30, 1967, she had a phone conversation with Rhim indicating that Rhim made all the arrangements for the abortion to be performed on Nunn.

The trial court convicted Rhim of abortion on April 10, 1970. Thereafter Rhim, on September 20, 1973, pursuant to an order by the Indiana Supreme Court, filed a Belated Appeal under Post Conviction Rule 2, § 1 (b).

## ISSUES

ISSUE ONE    Is IC 1971, 35-1-58-1, Ind. Ann. Stat. § 10-105 (Burns 1956) (the Abortion Statute) unconstitutional?

ISSUE TWO    Was Rhim's conviction of abortion based on sufficient evidence?

As to ISSUE ONE, Rhim contends that Indiana's Abortion Statute is unconstitutional because the U.S. Supreme Court, in *Roe* v. *Wade,* 410 U.S. 113, 93 S.Ct. 705 (1973), held a similar statute unconstitutional.

The State replies that Rhim has no standing to challenge the constitutionality of the Indiana Abortion Statute and moreover, *Roe* v. *Wade, supra,* has no retroactive application to Rhim since she was convicted prior to *Roe* v. *Wade.*

As to ISSUE TWO, Rhim asserts that there is insufficient evidence to support the trial court's judgment.

The State is to the contrary.

## DECISION

ISSUE ONE

CONCLUSION—It is our opinion that this Court cannot determine the constitutionality of the Abortion Statute because this issue is not properly raised in Rhim's Motion To Correct Errors.

TR. 59(B) requires a Motion To Correct Errors to be "specific rather than general, and shall be accompanied by a statement of facts and grounds upon which the errors are based." Further emphasis to the requirement of specificity as to each error relied upon is provided by TR. 59(G) which states:

". . . such motion shall *separately specify* as grounds therefor each error relied upon, however, and whenever arising up to the time of filing such motion." (Emphasis supplied).

The requirement of specificity of the facts and grounds upon which errors are based has been often stated in recent case law. Errors not specifically stated are waived on appeal.

*See, Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227; *Wynn* v. *State* (1974), 162 Ind. App. 521, 319 N.E.2d 883; *Southerland* v. *Calvert* (1974), 162 Ind. App. 606, 320 N.E.2d 803; *Saloom* v. *Holder* (1973), 158 Ind. App. 177, 304 N.E.2d 217; *Ind. St. Bd. of Tax Com'rs* v. *Paapas* (1973), 158 Ind. App. 327, 302 N.E.2d 858; *State* v. *Hladik* (1973), 158 Ind. App. 223, 302 N.E.2d 544; *Weingart* v. *State* (1973), 157 Ind. App. 597, 301 N.E.2d 222; *Dabin Realty Co.* v. *Stewart* (1972), 155 Ind. App. 39, 290 N.E.2d 809; *Matthew* v. *State* (1972), 154 Ind. App. 182, 289 N.E.2d 336; *Ostric* v. *St. Mary's College* (1972), 153 Ind. App. 616, 288 N.E.2d 565.

The requirement of specificity relates not only to the alleged *"error"* but also to the *"grounds"* in support of the claimed error. TR. 59(B). Such *grounds* must be stated in the motion to correct errors with enough particularity that the trial court may be made aware of the exact legal issue involved. *Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E.2d 827.

The need for an explicit statement of both the error itself and the grounds therefore has been particularly emphasized if constitutional issues are involved.

Indiana courts have consistently held that a constitutional question is not properly raised on appeal if the trial court

was not apprised of *specific constitutional provisions* upon which a party relies in asserting the legislation is unconstitutional.

See, *Saloom* v. *Holder, supra; Pronk* v. *Indianapolis Redevelopment Commission* (1950), 228 Ind. 579, 93 N.E.2d 171; *Luttrell* v. *State* (1932), 204 Ind. 116, 183 N.E. 318; *Simmons* v. *Simmons* (1917), 186 Ind. 575, 116 N.E. 49; *Levy* v. *State* (1903), 161 Ind. 251, 68 N.E. 172.

The only reference in the Belated Motion to Correct Errors in any manner asserting a constitutional question, is in subparagraph 4:

4. That the alleged offense is unconstitutional and repugnant to the rights of citizens imposing state structures in areas of non-government responsibility.

A vague reference to the unconstitutionality of the statute, presumably the Abortion Statute, is contained in the Memorandum attached to the Belated Motion, which states:

Also, for the sake of saving any related arguments the defendant would state that the right of the government to make and impose criminal sanctions in the entire area of seeking or performing any act to terminate pregnancy is unconstitutional. A proper exercise of the legislature to insure the health, safety, and welfare of citizens might well be to regulate this medical procedure (which existing laws cover) or to place certain prerequisites on both the person seeking and the person performing the act. However, the statute presented, on its face, is an unconstitutional invasion into the private affairs of citizens; and is duplications (sic) in that the alleged act complained of is properly covered by the statutes related to the unlawful practice of medicine, and assault and battery.

Rhim's Belated Motion To Correct Errors fails in two respects. First, Rhim does not indicate what specific constitutional provision is violated by the Abortion Statute.

Secondly, she fails to accompany her constitutional claim with a statement of *facts and grounds* upon which her claim is based. Her assertion that the Abortion Statute "on its

face, is an unconstitutional invasion into the private affairs of citizens," is not supported by a statement as to *how* or *why* this Statute invades either the "private affairs of citizens" or her own "private affairs."

A specific constitutional question not having been properly presented, we need not consider Rhim's standing to raise it. Differently stated, because there is no constitutional question properly before us, it is immaterial whether Rhim has the standing to raise it or not. *Saloom* v. *Holder, supra,* 304 N.E.2d at 221.

We can only conclude that the constitutional challenge of the Abortion Statute in Rhim's Belated Motion To Correct Errors is not sufficiently specific to afford this or the trial court the opportunity to rectify the constitutional error, if any. "Were it otherwise an appellant could propel himself into this or the Supreme Court by general statements of claimed errors, detailed at leisure after his Motion To Correct Errors is overruled." *Bennett* v. *State* (1973), 159 Ind. App. 59, 62, 304 N.E.2d 827, 829.

ISSUE TWO

CONCLUSION—It is our opinion that there was sufficient evidence of probative value to support Rhim's conviction.

Rhim was charged and convicted of attempting to procure a miscarriage.

> Whoever prescribes or administers to any pregnant woman, or to any woman whom he supposes to be pregnant, any drug, medicine or substance whatever, with intent thereby to procure the miscarriage of such woman, or, with like intent, uses or suggests, directs or advises the use of any instrument or means whatever, unless such miscarriage is necessary to preserve her life, shall, on conviction, if the woman miscarries, or dies in consequence thereof, be fined not less than one hundred dollars [$100] nor more than one thousand dollars [$1,000], and be imprisoned in the state prison not less than three [3] years nor more than fourteen [14] years. IC 1971, 35-1-58-1, Ind. Ann. Stat. § 10-105 (Burns 1956).

When sufficiency of the evidence is challenged, we cannot weigh the evidence nor determine the credibility of witnesses but must consider only that evidence most favorable to the State, together with all logical and reasonable inferences drawn therefrom.

The conclusion is inescapable that when Meadows scraped out the uterus of Nunn causing the fetus to dislodge she procured a miscarriage . . . and Rhim aided and abetted her.

IC 1971, 35-1-29-1 (Burns Code Ed.) provides that one who aids and abets the commission of a felony can be convicted as though that person were the principal:

> Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed, may be charged by indictment, or information, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and, upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal.

See, *Stoehr* v. *State* (1975), 263 Ind. 208, 328 N.E.2d 422; *Smithhart* v. *State* (1971), 256 Ind. 533, 270 N.E.2d 740; *Lay* v. *State* (1975), 164 Ind. App. 547, 329 N.E.2d 650; *Rutledge* v. *State* (1975), 164 Ind. App. 468, 329 N.E.2d 603; *Hall* v. *State* (1975), 164 Ind. App. 234, 328 N.E.2d 226; *Mikel* v. *State* (1975), 164 Ind. App. 26, 326 N.E.2d 621.

Rhim not only held the light to aid Meadows in performance of the abortion, but also made all the arrangements for this nefarious activity.

The conviction of attempting to procure miscarriage is supported by sufficient evidence and should be affirmed.

Affirmed.

White, J., concurs; Sullivan, P.J. dissents with opinion.

DISSENTING OPINION

SULLIVAN, P.J.—I respectfully dissent from the refusal of the majority to consider Rhim's standing to assert that the Indiana Abortion Statute is unconstitutional. Assuming arguendo that Rhim has standing—a question briefed by the parties and very much at issue in this appeal but which the majority ignores—the merits of her constitutional argument should be treated.

Notwithstanding the majority's emphasis of form over substance, the constitutional argument, I believe, is fairly contained within the Motion to Correct Error and its accompanying memorandum.

As stated by our Supreme Court in *Board of Commissioners of Howard County* v. *Kokomo City Plan Commission* (1975), 263 Ind. 282, 330 N.E.2d 92, 95:

> "As recognized by the opinion of the Court of Appeals, courts, vested with the authority to adjudge the constitutional validity of statutes, have an affirmative duty to decide the merits of such constitutional claims when they are properly presented and supported. This is so whether the court addressed is a trial court or an appellate court."

The Supreme Court, however, held that the Board of Commissioners lacked standing to make the constitutional attack and therefore reversed the decision of the Court of Appeals reported at 310 N.E.2d 877.

Had the majority here premised its holding as to Issue I upon a matter of standing, I perhaps would agree that Rhim lacks the requisite standing to attack the abortion statute. (Compare *Roe* v. *Wade* (1973), 410 U.S. 113, with *Cheaney* v. *State* (1972), 259 Ind. 138, 285 N.E.2d 265, cert. den. 410 U.S. 991 for want of standing, and with *Connecticut* v. *Menillo* (Nov. 11, 1975), 44 L.W. 3275 in which the U.S. Supreme Court granted certiorari and vacated the State Supreme Court decision which struck down the Connecticut abortion statute as applied to a non-physician.) The majority chose not to do so, however. Likewise, I, therefore, do not reach that question.

But I repeat my dissent from the failure of the majority to reach the standing issue and if such were to be resolved in Rhim's favor, from reaching the substance of her constitutional attack upon the statute.

NOTE.—Reported at 337 N.E.2d 560.