KENNETH MACKEN ET AL. *v.* CITY OF EVANSVILLE.

[No. 1-276A251. Filed May 5, 1977.]

*Roy A. Tyler,* of Evansville, for appellants.

*Stephen R. Appel,* Law Department City of Evansville, for appellee.

ROBERTSON, C.J.—The plaintiffs-appellants, all members of the Evansville Police Department, on April 10, 1975, filed against defendant-appellee, City of Evansville (City), a complaint for declaratory judgment. Plaintiffs sought to have declared unlawful and unconstitutional a particular rule or regulation adopted by the Police Civil Service Commission of the City of Evansville. From the trial court's granting of summary judgment for the City, plaintiffs bring this appeal.

Plaintiffs, in their brief, have alleged three assignments for error. However, none of these assignments were included in the motion to correct errors as provided by Ind. Rules of Procedure, Trial Rule 59 (G).

The motion to correct errors filed with the trial court, omitting formal parts, is as follows:

> "Comes now the plaintiffs and move the Court to correct the uncorrected errors of law occurring in the Court's granting the Defendant's Motion for Summary Judgment and overruling the plaintiffs' motion for summary judgment. The Court having concluded that the defendant is entitled to a judgment as a matter of law.
>
> WHEREFORE, plaintiffs pray that the court reverse its granting of the defendant's Motion for Summary Judgment and its overruling of plaintiffs' motion for summary judgment concluding that the defendant is entitled to a judgment as a matter of law and enter an order sustaining the plaintiffs' motion for summary judgment and overruling the defendant's motion for summary judgment concluding that the plaintiffs' are entitled to a judgment as a matter of law."

We note that the thrust of the motion is merely that there are alleged uncorrected errors of law. The motion does not specify what those alleged errors are as it should by the dictates of TR. 59 (G).

While TR. 59 (G) indicates that a motion to correct errors is, with a few exceptions, a condition to the bringing of an appeal, that is not to say that such motion is a mere formality. Rather, the motion to correct errors is a highly functional part of the appellate process.

It is safe to say that court proceedings without some error or perception of error are so rare as to be oddities. We hasten to add, though, that most such errors or perceptions thereof are insignificant and have no bearing on the outcome of the proceedings. From all perceived errors occurring, the motion to correct errors is a distillate containing only those things deemed error by the moving party which, if corrected, would likely produce a different result.

The function of the motion to correct errors is to focus on important alleged errors to give the trial judge a closer perspective than might have been available during the regular course of the proceedings. The judge has a chance to reflectively consider the allegations of errors, make corrections if warranted, and perhaps thereby, foreclose the necessity of an appeal. At the same time, the motion to correct errors, in the event of an appeal, will have narrowed the field of the review so that the appellate court will not be faced with a virtual trial *de novo*.

In the instant case, the motion to correct errors was nonspecific as to alleged errors, and neither does the record disclose the existence of an accompanying affidavit which might have specifically set forth errors complained of generally in the motion. The trial judge, being unapprised of specific alleged errors, could not reasonably have done other than deny the motion to correct errors, nor can we.

Because errors not specifically stated are waived on appeal, *Rhim* v. *State* (1975), 167 Ind. App. 47, 337 N.E.2d 560; *Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227, there is no issue preserved for the consideration of this Court.

Affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 462 N.E.2d 202.