In re The Matter of the STATE
of Indiana

v.

James R. SMITH.

ALLEGHENY MUTUAL CASUALTY
COMPANY, Appellant
(Surety Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–283A26.

Court of Appeals of Indiana,
Third District.

June 2, 1983.

Stephen Bower, Kentland, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

In September of 1980, James R. Smith was arrested and charged in Newton County, Indiana with possession of marijuana, illegal possession of a gun, fleeing, and possession of cocaine. Smith obtained a $10,000 bond from Allegheny Mutual Casualty Company. Several hearings took place subsequently, until the cause was finally scheduled for a jury trial on August 12, 1981. On August 3, 1981, counsel for Smith withdrew as his counsel due to a conflict of interest. An omnibus hearing for the appearance of a successor attorney was set for October 9, 1981. Smith failed to appear at the October 9 hearing and the cause was set for jury trial on November 10, 1981. On November 10, 1981, Smith failed to appear in court and the trial court made the following findings of fact:

"1. That on October 9, 1981 the defendant, James R. Smith, Ivan Finch, Allegheny Mutual Casualty Co. and Bell Enterprises, Inc., were all notified by certified mail return receipt that on November 10, 1981 at 8:30 a.m., State vs. James Smith will be heard for trial as a jury trial.

"2. That the court has received the certified mail return receipts for the following individuals or entities which indicate service of the October 9, 1981 notice.

a.) James Smith—Date, October 13, 1981

b.) Ivan Finch—Date, October 24, 1981

c.) Allegheny Mutual Casualty Co.—Date, October 26, 1981

d.) Bell Enterprises, Inc.—Date October 26, 1981"

*Record* at 25.

The trial court then issued a notice to Allegheny to present Smith within 180 days or the bond would be forfeited. Subsequently, a bench warrant was issued for Smith's arrest. On September 29, 1982, the trial court entered a judgment of bond forfeiture.

In appealing the judgment, Allegheny is questioning whether the bond forfeiture was supported by sufficient evidence and whether it complied with the statutory procedures. Specifically, Allegheny's appeal addresses the issue of notice. The applicable statute is Ind.Code § 35–4–5–8 (Burns 1979 Repl.):

"Notice of trial or hearing—Breach of undertaking—Forfeiture.—If there is a breach of the undertaking, the court before which the cause is pending shall make a record thereof and shall declare the undertaking, and any money or bonds that have been deposited as bail, forfeited: Provided, however, the bail bondsman or the insurer shall have had legal notice of the trial or hearing of defendant at least seventy-two [72] hours before required appearance of defendant, unless the appearance is scheduled within that time from the execution of bond. Upon said undertaking being thus forfeited, the clerk of the trial court shall immediately transmit the undertaking to the clerk of the circuit court of the county in which said undertaking was filed."

Essentially, Allegheny's argument boils down to its belief that the notice statute was violated previously and when the trial court realized that Smith had failed to appear on October 9, the trial court then attempted to comply with the statute by sending notice to Allegheny via registered mail, of the November 10 trial date. Allegheny contends that once the statute has been violated the trial court should not be allowed to redo the procedures. Allegheny views such action as retroactive maneuvering which is fundamentally unfair to bondsmen.

The record in this case is a sterling example of proper compliance with Ind.Code 35–4–5–8. The judgment clearly states that the bond forfeiture was ordered because of Smith's failure to appear for the November 10, 1981 trial date. The record clearly demonstrates that Allegheny and its agents received notice of the November 10 date by October 26, 1981, at the latest. The returned receipts are included in the record.

This was adequate time to allow Allegheny to discharge its obligation, and far more than the requisite 72 hours of notice.

The fact that Smith failed to appear on October 9, 1981, and that the record shows no notice of that hearing date being sent to Allegheny, does not invalidate the notice given for the November 10, 1981 date. This Court previously approved just such a situation in *Flick v. State* (1971), 150 Ind.App. 1, 274 N.E.2d 725. To hold otherwise would render meaningless all procedures akin to Ind.Rules of Procedure, Trial Rule 59, or any motions to correct the errors of trial courts. The purpose of such motions is to advise trial courts of any possible errors in their actions and give them the first opportunity to correct such errors. *See Macken et al. v. City of Evansville* (1977), 173 Ind. App. 60, 362 N.E.2d 202.

Allegheny has failed to meet its burden of presenting reversible error, and therefore, the judgment below is affirmed.

Affirmed.

STATON and GARRARD, JJ., concur.