## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 10 2018, 9:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Patrick B. McEuen
McEuen Law Office
Portage, Indiana

ATTORNEY FOR APPELLEE

Francis A. Veltri
Travelers Staff Counsel Indiana
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Al Seng, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Indiana-American Water Co., Inc., <br> *Appellee-Defendant* | September 10, 2018 <br><br> Court of Appeals Case No. 18A-CC-43 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Elizabeth Tavitas, Judge <br><br> Trial Court Cause No. 45D03-1412-CC-1076 |

**Crone, Judge.**

# Case Summary

Al Seng appeals the trial court's grant of summary judgment in favor of Indiana-American Water Co., Inc. ("IAWC"), stemming from a flooding incident that resulted in damage to a home that he was renovating. He asserts that the trial court erred in granting summary judgment and in denying his motion to correct error. We affirm.

# Facts and Procedural History

Seng owns a construction company. Part of his business involves flipping houses. In 2013, he was renovating a home ("the property") for eventual resale. Seng installed new plumbing and turned on the water to the property. By autumn 2013, Seng had received two disconnect notices from IAWC for nonpayment. Seng had no contact with IAWC concerning the notices. In early October, around the time of the second notice, Seng suspended his work on the property due to a lack of funds and decided to resume the work the next spring. He had the electricity turned off and decided to spend part of the winter working in Florida. He did not recall flushing the pipes before he left. On October 10, 2013, IAWC executed an internal disconnect work order to shut off water service to the property. Three days later, an IAWC technician went to the property to shut off the water but did not completely shut off the valve. Seng did not call IAWC or go to the property to see whether the water had been turned off.

[3]     Six months later, Seng decided to return to the property to resume his renovations. On April 19, 2014, a representative from the power company came to turn on the electricity, and when the power was restored, Seng discovered that the basement had flooded due to a frozen water pipe.

[4]     Seng filed a complaint against IAWC, alleging negligence and breach of contract. The complaint included an allegation that IAWC assumed a duty to disconnect his service. IAWC filed a motion for summary judgment, with a supporting memorandum and designated materials. Seng filed a memorandum in opposition, in which he argued that IAWC had a common law duty to disconnect his water service and that IAWC negligently failed to do so. Neither party requested a hearing. The trial court issued an order granting summary judgment in favor of IAWC on all issues.

[5]     Seng filed a motion to correct error, in which he raised the issue of assumed duty. The trial court conducted a hearing, and Seng argued that IAWC "assumed a duty to shut off the water as threatened." Tr. Vol. 2 at 5. IAWC argued that Seng had waived the issue of assumed duty by failing to address it in his materials in opposition to summary judgment. At the close of the hearing, the court instructed the parties to submit authority on the applicability of waiver. The court held a second hearing and heard argument on the waiver issue. The court denied Seng's motion to correct error, finding that he waived the issue of assumed duty by failing to raise it in his summary judgment materials. Seng now appeals. Additional facts will be provided as necessary.

# Discussion and Decision

[6] Seng contends that the trial court erred in granting summary judgment in favor of IAWC. We review a summary judgment de novo, applying the same standard as the trial court and drawing all reasonable inferences in favor of the nonmoving party. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). In conducting our review, we consider only those matters that were designated at the summary judgment stage. *Haegert v. McMullan*, 953 N.E.2d 1223, 1229 (Ind. Ct. App. 2011).

[7] Summary judgment is appropriate if the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Hughley*, 15 N.E.3d at 1003; Ind. Trial Rule 56(C). The moving party bears the onerous burden of affirmatively negating an opponent's claim. *Hughley*, 15 N.E.3d at 1003. Then, the nonmoving party must "come forward with contrary evidence" showing a genuine issue for the trier of fact. *Williams v. Tharp*, 914 N.E.2d 756, 762 (Ind. 2009). The nonmoving party cannot rest upon the allegations or denials in the pleadings. *Syfu v. Quinn*, 826 N.E.2d 699, 703 (Ind. Ct. App. 2005).

[8] In determining whether issues of material fact exist, we neither reweigh evidence nor judge witness credibility. *Peterson v. Ponda*, 893 N.E.2d 1100, 1104 (Ind. Ct. App. 2008), *trans. denied* (2009). Rather, we must accept as true those facts established by the designated evidence favoring the nonmoving party. *Brill v. Regent Commc'ns, Inc.*, 12 N.E.3d 299, 309 (Ind. Ct. App. 2014), *trans. denied*.

A trial court's grant of summary judgment arrives on appeal clothed with a presumption of validity. *Williams*, 914 N.E.2d at 762. We may affirm a grant of summary judgment on any legal basis supported by the designated evidence. *Harness v. Schmitt*, 924 N.E.2d 162, 165 (Ind. Ct. App. 2010).

[9] Seng's underlying action is for negligence.[1] To recover on a theory of negligence, a plaintiff must establish: "(1) duty owed to plaintiff by defendant; (2) breach of duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by defendant's breach of duty." *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016). "Absent a duty, there can be no breach, and therefore, no recovery for the plaintiff in negligence." *Pfenning v. Lineman*, 947 N.E.2d 392, 398 (Ind. 2011) (quoting *Vaughn v. Daniels Co. (West Virginia)*, 841 N.E.2d 1133, 1143 (Ind. 2006)). The determination of whether a duty exists is a question of law to be decided by the court. *Id*.

[10] The trial court issued findings of fact as part of its summary judgment order. "Special findings are not required in summary judgment proceedings and are not binding on appeal." *Warren v. Warren*, 952 N.E.2d 269, 273 (Ind. Ct. App. 2011). However, the court's special findings offer valuable insight into its rationale and therefore help facilitate our review. *Id*.

---

[1] Seng's complaint alleged both breach of contract and negligence. Because he has effectively abandoned his contract claim, we limit our discussion to his negligence claim. *See* Tr. Vol. 2 at 4-5 (Seng conceding that there is no contractual or statutory obligation for IAWC to carry out its disconnect threat due to nonpayment).

[11]     IAWC sought summary judgment based on a lack of duty, arguing that the act of sending a disconnect notice does not amount to a duty to carry out the threat and actually disconnect service. The trial court agreed and granted summary judgment. *See* Appellant's App. Vol. 2 at 11 (court's conclusion that Seng "failed to submit any authority establishing that [IAWC] had a statutory or common law duty to Plaintiff to carry out its threat to disconnect service due to nonpayment of the water bill."). The trial court's special findings reflect that after having received two disconnect notices, Seng ran out of money, had the electricity turned off, left the property without winterizing it, did not return for six months, had no communication with IAWC to ascertain whether the water had in fact been shut off, and discovered that the water valve had not been completely shut off only when he returned to the property the following spring.

[12]     IAWC is a "public utility" as defined by Indiana Code Section 8-1-2-1(a)(2). As such, it is subject to the provisions of the Indiana Administrative Code pertaining to the standards of service for water utilities under the authority of the Indiana Utility Regulatory Commission. 170 IAC 6-1-16 provides detailed rules concerning the disconnection of services. For example, the rule outlines procedures that the utility must follow for disconnecting service upon a customer's request and for disconnecting without request, whether with or without prior notice. "In all … instances [other than those where notice is not required], a utility, upon providing the customer with proper notice as defined in subsection (e), *may* disconnect service subject to the other provisions of this rule." 170 IAC 6-1-16(b) (emphasis added). Subsections (e) and (f) detail the

required contents of disconnect notices and the rules for executing a service disconnection, respectively. Subsection (f) concludes with the following:

> When the employee has disconnected the service, he or she shall give to a responsible person at the customer's premises or, if no one is at home, shall leave at a conspicuous place on the premises a notice stating that service has been disconnected and stating the address and telephone number of the utility where the customer may arrange to have service reconnected.

170 IAC 6-1-16 underscores not only the significance of providing notice before and after an involuntary disconnection of service, but also the discretionary nature of a disconnection of service in the first place. In short, IAWC did not have a duty to disconnect Seng's service when he fell behind in making his payments.

[13] To the extent that Seng now argues that summary judgment was improper due to his claim in his original complaint that IAWC is liable based on assumed duty, we note that he never addressed assumed duty in his memorandum and cannot rest on the allegations in his complaint. *See Syfu*, 826 N.E.2d at 703. Even if he had included such a claim in his summary judgment materials, the undisputed designated facts do not support it. Liability for the breach of assumed duty is expressed in the Restatement (Third) of Torts § 42 (2012), which reads:

> An actor who undertakes to render services to another and who knows or should know that the services will reduce the risk of physical harm to the other has a duty of reasonable care to the other in conducting the undertaking if:

(a) the failure to exercise such care increases the risk of harm beyond that which existed without the undertaking, or

(b) the person to whom the services are rendered or another relies on the actor's exercising reasonable care in the undertaking.

[14]   Here, the designated materials show that IAWC did not render the disconnect service to reduce the risk of flooding; rather, in its discretion, it sent a technician to shut off Seng's water service due to Seng's nonpayment. The technician's failure to completely close the valve did not increase the damage that would have existed had IAWC never sent him in the first place. Moreover, Seng cannot be said to have relied on the technician's exercise of reasonable care because he did not know whether the service technician *would* come and never checked to see if he *had* come. He simply assumed that his service would be disconnected. Assumption is not reliance. Summary judgment was properly granted in this case due to the negation of the duty element of negligence.

[15]   Seng also claims that the trial court abused its discretion in denying his motion to correct error. The function of a motion to correct error is to focus on important alleged errors by the trial court and afford the trial court a chance to reflectively consider those allegations and make corrections if warranted. *Macken v. City of Evansville*, 173 Ind. App. 60, 62, 362 N.E.2d 202, 204 (1977). The motion to correct error is not the proper forum for addressing issues not previously raised to the trial court. *See Van Winkle v. Nash*, 761 N.E.2d 856, 859 (Ind. Ct. App. 2002) ("A party may not raise an issue for the first time in a motion to correct errors."). Because Seng did not raise assumed duty during

the summary judgment proceedings, the trial court cannot be said to have abused its discretion in not considering it. Accordingly, we affirm.

[16] Affirmed.

Najam, J., and Pyle, J., concur.