## SPITLER *v.* STATE OF INDIANA.

[No. 27,766.   Filed February 15, 1943.]

*Proctor & Proctor* and *Orrin H. Markel,* all of Elk-hart, for appellant.

*George N. Beamer,* Attorney General, *James K.*

*Northam,* First Assistant Attorney General, and *Obed T. Kilgore,* Deputy Attorney General, for the State.

. SHAKE, J.—A jury found the appellant guilty of the offenses charged in an affidavit consisting of two counts. The first count was for operating a motor vehicle on a designated public highway while the appellant was under the influence of intoxicating liquor. The second count was for the reckless driving of said motor vehicle on said highway. Two alleged errors are presented for consideration. The first is based upon the overruling of the motion to quash the second count, by which it was charged that said count was bad for uncertainty.

The particular defect in the second count pointed out in the motion to quash was that it charged that the appellant operated his automobile at "an unreasonably high rate of speed," without specifying the speed at which the vehicle was operated. The second count also alleged that the appellant, in reckless disregard for the safety and rights of others, recklessly drove his automobile upon and against six named persons. The latter charge was sufficient under the sixth clause of the statutory definition of the offense, and the allegations with respect to speed may be treated as surplusage. Acts 1939, ch. 48, § 52, § 47-2001, Burns' 1940 Replacement, § 11189-62, Baldwin's Supp. 1939. *State* v. *Beckman* (1941), 219 Ind. 176, 37 N. E. (2d) 531. There was no error in overruling the motion to quash the second count.

The second alleged error relates to the admission in evidence, over objections, of testimony as to the results of tests made on the person of the appellant by means of a drunk-o-meter shortly after the alleged commission of the offense charged in the first count. By clause 2 of § 54, ch. 48, Acts 1939, § 47-2003, Burns' 1940 Replacement, § 11189-64, Baldwin's Supp. 1939, the

General Assembly undertook to authorize the use of evidence of this character in a prosecution of this kind. The appellant says that notwithstanding said statute, the admission of such evidence over his objections violated Section 14 of Article 1 of the Constitution of Indiana, which provides that, "No person, in any criminal prosecution, shall be compelled to testify against himself." The appellant makes no claim that the drunk-o-meter tests do not have probative value or that said instrument is not, in the hands of competent persons, scientifically reliable. His only contention is that its use, under the circumstances, had the effect of requiring him to testify against himself and, therefore, constituted an encroachment upon his constitutional protection.

The first witness for the State testified that when the appellant was taken to police headquarters after his arrest at the scene of the accident, he was asked if he would submit to the drunk-o-meter test; that he was told that he had the constitutional right to refuse to take such test; and that he would not be required to do so. The appellant testified on his own behalf that he was not abused by the police officers in any way; that he took the test voluntarily; and was glad to do so because he was not drunk. On this state of the record there can be no valid claim here of forced self-incrimination. The provisions of the Constitution upon which the appellant relies affords no protection that may not be waived by him. *Ogle* v. *State* (1923), 193 Ind. 187, 127 N. E. 547; *Shular* v. *State* (1886), 105 Ind. 289, 4 N. E. 870, 55 Am. Rep. 211.

The judgment is affirmed.

NOTE.—Reported in 46 N. E. (2d) 591.