JAMES W. BLACK *v.* STATE OF INDIANA.

[No. 270S22. Filed June 3, 1971.]

488

*Gil I. Berry, Jr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Lon D. Showley,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with aggravated assault and battery, which charge was reduced to assault and battery. Trial before the court resulted in a finding of guilty under the reduced charge. Appellant was fined $1.00 and costs.

The record discloses the following facts:

The seven year old daughter of the appellant and the seven year old son of the prosecuting witness had an altercation in which the little boy struck the little girl with a stick, which fact the girl reported to her father, the appellant; whereupon, the appellant admonished the boy not to strike his daughter and the boy's mother, the prosecuting witness in this case, interceded in behalf of her son. The appellant reciprocated on behalf of his daughter. Testimony by the prosecuting witness and three of her children, ages seven, nine and fifteen, was to the effect that appellant struck her knocking her to the ground, dragged her into his yard and started calling his wife; whereupon the prosecuting witness freed herself and retreated to her own yard. The prosecuting witness' brother-in-law tes-

tified that he arrived shortly after the altercation and discussed the matter with the appellant. The appellant told him that he got tired of her "shooting off her mouth, so he smacked her and threw her down and hit her head on the blacktop."

The appellant and his seven year old daughter testified that the prosecuting witness was the attacker; that she scratched appellant's face and that his only act against her was to push away her hands when she scratched his face.

There was thus a conflict of evidence presented to the trial court which required him to believe some of the witnesses and disbelieve others in order to arrive at a decision.

The appellant claims there is not sufficient evidence to sustain the conviction in that there is no evidence of intent which was a material element of the charge of assault and battery. With this we do not agree. Intent to commit a specific crime may be presumed from the voluntary commission of that act. *McGill* v. *State* (1969), 252 Ind. 293, 247 N. E. 2d 514, 17 Ind. Dec. 504. Under a charge of assault and battery the element of intent may be implied from the intentional acts resulting in injury to another where it is shown that there was a willingness on the part of the perpetrator to inflict the injury. *Bleiweiss* v. *State* (1918), 188 Ind. 184, 119 N. E. 375. Under the evidence above recited the trial court was justified in finding that the appellant had the necessary intent and did in fact commit the crime of assault and battery. Where as in the case at bar the trial judge was faced with conflicting testimony by various witnesses, he had the right to accept any witness' account of the facts and disbelieve any other witness' account. *Moore* v. *State* (1970), 254 Ind. 23, 256 N. E. 2d 907, 20 Ind. Dec. 697. We also stated in the *Moore* case that this Court will not weigh such evidence.

Appellant next contends that certain remarks of the trial court indicated that the court did not believe appellant was guilty, but that he convicted him because of his demeanor on the witness stand. With this we do not agree. The trial judge stated that he probably would have found the appellant not

guilty had it not been for his demeanor on the witness stand. We do not accept appellant's interpretation of this statement by the trial judge to mean that he was finding the appellant guilty, although he believed him innocent simply because he didn't like the way he acted. The clear meaning of the trial judge's statement was that because of the demeanor of the witness, he did not believe that he was telling the truth. The trier of fact has a right to observe the demeanor of any witness on the witness stand in making its determination as to whether or not the testimony of that witness is to be believed. It has been stated: ·

> "Only the trial court sees the witnesses on the stand, their demeanor in testifying, their candor, or lack of candor, in disclosing facts about which they have knowledge. Juries and trial courts, quite often, properly, give more weight to the demeanor of witnesses than to the substance of their statements in the determination of truth. An appellate court, considering only the statements, is denied the assistance of this necessary factor." *Lowman* v. *Lowman* (1941), 109 Ind. App. 163, 174, 33 N. E. 2d 780. See also 30 I.L.E., *Witnesses*, § 172, p. 148.

Reduced to its simplest terms, this was a neighborhood fight in which each side told its story, which was the opposite of the story told by the other side. The trial court heard the evidence and made his decision. Under the above authorities, we will not disturb that decision.

The trial court, therefore, is affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 269 N. E. 2d 870.