ROBERT SYLVESTER REID *v.* STATE OF INDIANA.

[No. 1071S293. Filed July 25, 1972. Rehearing denied October 17, 1972.]

Leo J. Lamberson, of South Bend, for appellant.

Theodore L. Sendak, Attorney General, Darrel K. Diamond, Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with the crime of robbery. Trial by court resulted in a finding of guilty, whereupon appellant was sentenced to the Indiana State Reformatory for a term of not less than ten nor more than twenty-five years.

The record reveals the following:

On November 28, 1970, Mary Phillips was employed at the Whitehouse Tower restaurant. A person whom she later identified in court as the appellant entered and asked for change and a paper bag. At that point she noticed that he was brandishing a revolver. She gave appellant approximately $64. Appellant then ordered her into the restroom threatening to kill her.

Appellant testified that he was elsewhere at the time of the robbery. A witness called by the appellant verified that he had been with the appellant but could not say for sure whether or not it was the day of the robbery.

Prior to trial appellant had petitioned the trial court for an order permitting him to take a polygraph test. His petition reads in part as follows:

"That said Defendant does hereby expressly waive any and all objections, and unequivocally agrees that the said Report, may become a part of the record in said Court, as

well as becoming an Exhibit in Defendant's Trial, as well as to stipulate taking the said Expert's Deposition by interrogatories (or otherwise) or to testify in open Court."

Appellant first contends the only evidence as to his identity was the testimony of Mary Phillips. We have previously stated that a conviction can be sustained on the·uncorroborated testimony of one witness. *Jaudon* v. *State* (1970), 255 Ind. 114, 262 N. E. 2d 851, 23 Ind. Dec. 182. This Court will not determine the credibility of witnesses. *Coleman* v. *State* (1971), 257 Ind. 439, 275 N. E. 2d 786, 28 Ind. Dec. 37. We again hold that the uncorroborated testimony of one witness is sufficient to support the finding of a trial court.

Appellant next claims that the witness Mary Phillips was obviously biased and prejudiced against members of the negro race. Even if we would accept such to be the fact, it would only go to the credibility of the witness and as previously observed this Court will not weigh such credibility. *Coleman* v. *State, supra.*

Appellant next argues that the finding of guilty was not sustained by sufficient evidence. Here again he attacks the credibility of the witness Mary Phillips. We can only add to the above statements that the testimony of Mary Phillips which was obviously believed by the trial court was sufficient to sustain the finding of said court.

Appellant also addresses the same argument to a claim that there was no proof that he was guilty beyond a reasonable doubt. The trier of fact has the right to accept any witness' testimony or to disbelieve the testimony of any witness. *Black* v. *State* (1971), 256 Ind. 487, 269 N. E. 2d 870, 25 Ind. Dec. 637. We can only observe that there was ample evidence before the trial court to sustain a finding of guilty beyond a reasonable doubt.

Appellant next argues that he was denied a fair trial in that evidence was admitted regarding his prior criminal

record. Appellant took the witness stand in his own behalf. His prior record was brought out on cross-examination by the state. This Court has previously held that such evidence may not be considered as evidence of guilt; however, when the accused takes the stand he raises the issue of his credibility, and cross-examination as to his prior convictions is permissible insofar as they tend to impeach his credibility as set out in *Ashton* v. *Anderson* (1972), 258 Ind. 51, 279 N. E. 2d 210, 29 Ind. Dec. 364. See also *Fisher* v. *State* (1966), 247 Ind. 529, 219 N. E. 2d 818, 9 Ind. Dec. 108; *Wells* v. *State* (1959), 239 Ind. 415, 158 N. E. 2d 256. We hold the trial court was correct in overruling appellant's objections to the cross-examination by the state.

Appellant lastly argues that it was error for the trial court to admit the testimony of the polygraph examiner as a rebuttal witness for the state, who testified as to the results of the polygraph test requested by the appellant. In view of the express waiver obtained in appellant's petition for the taking of such a test and in view of the fact that he was adequately represented by counsel at the time of such waiver, he cannot now be heard to claim that the state violated his right against self-incrimination by the presentation of such evidence. This Court has previously held that the constitutional guaranty that a person shall not be required to testify against himself is a personal right which may be waived. *Appelby* v. *State* (1943), 221 Ind. 544, 48 N. E. 2d 646. In a comparable situation we have held that one who voluntarily submits to a drunkometer test cannot thereafter assert that he was forced to testify against himself. *Wells* v. *State, supra; Spitler* v. *State* (1943), 221 Ind. 107, 46 N. E. 2d 591. We hold that the appellant expressly waived any right he had against self-incrimination, and that the trial court, therefore, did not err in permitting the state to place in evidence the results of the polygraph test requested by the appellant.

The trial court is affirmed.

Arterburn, C.J., and Hunter and Prentice, JJ., concur; DeBruler, J., concurs in result with opinion.

OPINION CONCURRING IN RESULT

DEBRULER, J.—In this case appellant filed a Verified Petition for Polygraph Examination, which included the provision:

"That said defendant does hereby expressly waive any and all objections, and unequivocally agrees that the said Report, may become a part of the Record in said Court, as well as becoming an exhibit in Defendant's trial, as well as to stipulate taking the said Expert's Deposition by interrogatories (or otherwise) or to testify in open Court."

The objection of appellant's trial counsel to the testimony of the polygraph operator at no time contained any claim or mention of appellant's rights afforded by privilege against self-incrimination contained in Art. 1, § 14 of the Indiana Constitution or the Fifth Amendment to the United States Constitution. Appellant's counsel objected to the findings of the operator as follows:

"Q. What took place there?
A. I conducted a polygraph examination on Mr. Reid.
Q. Did you ask him questions?
A. Yes I did.

MR. LAMBERSON: At this time we interpose an objection as to the result of any tests which the witness may have made for the reason the Supreme Court of Indiana has outlawed or overruled any tests made in a polygraph examination."

The trial court sustained this objection. The same evidence was offered by the State in rebuttal. Appellant's trial counsel renewed the above objection, however, it was then overruled. Appellant's counsel does not argue on appeal that the admission of the polygraph findings during rebuttal violated any of his client's constitutional rights. Since appel-

lant has not raised any constitutional issue with regard to the admission of the findings of the polygraph operator, and since he specifically waived any legal objection to the admission of the polygraph findings based on the unscientific nature of polygraph examinations, I concur that the trial court did not err in admitting this testimony.

NOTE.—Reported in 285 N. E. 2d 279.