WANDA L. SOUTHERLAND *v.* GEORGE CALVERT AND
ROBERT CALVERT.

[No. 1-374A31. Filed December 26, 1974.]

*Theodore M. Koch, Jack R. Burton,* of Indianapolis, for
appellant.

*John A. Young, John D. Cochran, Jr., Rocap, Rocap, Reese
& Young,* of counsel, of Indianapolis, for appellees.

LYBROOK, J.—Plaintiff-appellant Wanda Southerland appeals from a judgment of involuntary dismissal entered by the trial court pursuant to Ind. Rules of Procedure, Trial Rule 41(E),[1] due to plaintiff's failure to prosecute her action for

---

1. (E) Failure to prosecute civil actions or comply with rules. Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

damages for personal injuries allegedly suffered in an automobile collision.

According to appellant's brief (the complaint not appearing in the record) her action was commenced April 15, 1970, in Marion Superior Court. The action was venued to Hendricks Circuit Court on October 5, 1970. Plaintiff's deposition was filed during January, 1971. In November, 1971, the court assigned pre-trial conference for March 24, 1972. On that date, the pre-trial conference was continued by agreement of counsel. Thereafter pre-trial conference was re-scheduled for October 6, 1972; however, the court *sua sponte* continued pre-trial until December 1, 1972. The record reveals that on December 1, the parties had not yet drafted the required pre-trial order:

> "Comes Jack Burton, as associate, but not a partner, of T.M. Koch, and comes also John Kendall. Pre Trial conference is continued to give parties opportunity to comply with TR. 16, and it is agreed that they will submit their stipulations and other matters in writing a proposed pre-trial order, and if sufficient court will make order thereon and if not will reassign matter for pre-trial."

On March 19, 1973, the court ordered a hearing pursuant to TR. 41(E) and set the same for March 30, 1973. Counsel for plaintiff-appellant appeared March 27, 1973, and received a thirty day grace period in which to comply with the court's order of December 1, 1972. At the same time, the court postponed the hearing on involuntary dismissal until after the period of grace elapsed. On June 11, 1973, the court reset the TR. 41(E) hearing for July 27, 1973. On July 27, the parties' request that the hearing be continued for thirty days was granted. The following entry was made on August 29, 1973:

> "Hearing pursuant to TR. 41(e) having been continued at the request of both parties for a period of thirty days from July 27, and said thirty days having expired without any

action, this cause of action is now dismissed with prejudice to the plaintiff. (DISPOSED.)"

Plaintiff-appellant filed her motion to reinstate on October 26, 1973, which was overruled October 29, 1973. Thereafter, plaintiff timely filed her motion to correct errors, which was overruled. This appeal follows.

Appellant's initial argument that the trial court abused its discretion in ordering dismissal without setting a day certain for hearing thereon must be deemed waived. Examination of appellant's motion for reinstatement of dismissal and motion to correct errors reveals that appellant is attempting to raise this issue for the first time on appeal.

As appellees properly note, the failure to raise an issue in the motion to correct errors precludes this court from considering the contention on appeal. This rule serves as an enforcing mechanism to ensure the smooth functioning of the Rules of Procedure by requiring potential appellants to present any alleged errors of the trial court to that court for correction in the first instance. It is only from the trial court's refusal to correct errors that an appeal may be taken. Appellant having failed to present her argument to the trial court, and hence, no denial thereof being possible, it stands that no appealable issue has been presented. See, *Rural Acceptance Corp.* v. *Pierce* (1973), 157 Ind. App. 90, 298 N.E.2d 499; *Yellow Mfg. Acceptance Corp.* v. *Voss* (1973), 158 Ind. App. 478, 303 N.E.2d 281.

Addressing the merits of the court's action in ordering dismissal, appellant directs our attention to a letter which her attorney mailed to appellees' counsel on April 5, 1973, more than four and one-half months prior to dismissal. The letter summarizes the matters discussed at a conference between the attorneys and concludes:

"Would you please, sign this attorneys pre-trial conference, and I then will forward it to the Hendricks County Circuit

Court, and have the matter set down for a pre-trial conference.

Very truly yours,

Jack R. Burton

JRB/tb
enclosure:
cc: Honorable Judge Groover
Hendricks County Circuit Court"

Appellant argues that "the entire letter itself complied with TR. 16, which exhibit, requested, the Court set a date for the pre-trial conference, which was never set." The import of appellant's stratagem is to shift the onus of delay in prosecution onto the trial court, thus rendering dismissal of appellant's action an abuse of discretion.

Appellant's characterization of the letter to defense counsel as a request to the court to set pre-trial conference is untenable. The letter, by its own terms, anticipates a reply from defense counsel, upon receipt of which plaintiff would then "have the matter set down for a pre-trial conference." However, an examination of the record indicates that the letter was first filed with the Clerk when appellant filed her motion for reinstatement of dismissal on October 26, 1973.

Even assuming *arguendo* that the letter constituted a motion to set pre-trial conference, the record fails to contain the carbon copy presumably mailed to the court and bearing the file markings required by Ind. Rules of Procedure, Trial Rule 5 (E) (3).

Appellant's copy of her letter to defense counsel presented nothing to the trial court requiring its action, nor did it relieve plaintiff of compliance with the December 1, 1972, order of the court as reaffirmed March 27, 1973, requiring plaintiff to submit stipulations and pre-trial order. In this connection, we think it important to note that in her motion for reinstatement, appellant admitted non-compliance with TR. 16 and, further, acknowledged the validity of the court's action under the Rules of Procedure.

Appellant next contends that the trial court erred in overruling her motion for reinstatement filed pursuant to Ind. Rules of Procedure, Trial Rule 41 (F).[2]

No authority is cited in support of this contention and appellant's argument, which consumes less than one page of her brief, consists of little more than mere conclusory assertions of error.

As our Supreme Court wrote in *Williams* v. *State* (1973), 260 Ind. 543, 297 N.E.2d 805:

> "Appellant's additional allegations of error are presented with absolutely no legal argument or citation of authority. Under Rule AP. 8.3(A)(7), this court need not consider such matters, and they are deemed waived. The cases are uniformly in accord with this proposition. *Yeary* v. *State* (1971), [257] Ind. [159], 273 N.E.2d 96; *Miller* v. *State* (1971), [256] Ind. [296], 268 N.E.2d 299. We cannot answer *bald assertions* of error that are not supported by legal authority." (Original emphasis).

Appellant finally contends that the court's dismissal of her action operated in contravention of Article 1, Section 12, of the Constitution of Indiana which guarantees remedy by due course of law for injury. However, appellant having failed to specifically present this constitutional question to the trial court, it is not now properly raised for review on appeal. See, *Saloom* v. *Holder* (1973), Ind. App., 304 N.E.2d 217, and cases cited therein.

No reversible error having been demonstrated, the decision of the trial court must be affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 320 N.E.2d 803.

---

2. (F) Reinstatement of dismissal. For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice. A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B).