JAMES C. HUNT *v.* STATE OF INDIANA.

[No. 1276S425.  Filed August 29, 1977.]

*Harold Kohlmeyer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

PRENTICE, J.—This is an appeal from a conviction for armed felony (robbery), Ind. Code § 35-12-1-1 (Burns 1975). The only error assigned is the admission of polygraph evidence. The evidence consisted of the written rights advisement and consent executed by the defendant (appellant) and the testimony of the operator who administered the examination. The operator testified with respect to the procedures in administering the test and specifically related the questions asked, answers given by the defendant and the conclusion of truth and falsity, as indicated by the machine, all of which evidenced the defendant's guilt.

The test had originally been requested by the defendant in a pre-trial conference held October 15, 1975, and then and there agreed to. On February 12, 1976, the case proceeded to trial, and immediately following preliminary instructions to the jury, defense counsel moved to suppress the polygraph evidence upon the grounds that he was not the defendant's counsel at the time the agreement was made. This motion was overruled. A second motion to exclude was predicated upon the grounds that the stipulation made in conference was only to admit the "results" of the test and did not extend to authorize evidence of the specific questions, answers and conclusions as to truth. This motion was also overruled.

Defendant does not urge either of the aforementioned grounds in this appeal, and it is clear that they were without merit. Rather, he attacks the ruling upon the basis that the record does not disclose a clear-cut express waiver, such as the written one with which we dealt in *Reid* v. *State,* (1972) 259 Ind. 166, 285 N.E.2d 279. He charges that the record is silent with respect to any stipulation, except for the recollection of the trial judge. We observe that the record of the pre-trial conference is itself insufficient from which to find an agreement sufficient in scope to warrant the admission of

polygraph evidence. However, it appears from the record, made at the time the motion to suppress was argued, that the judge did have before him some memorial of the pre-trial conference agreement. He then stated

"I note from my records that the request for polygraph examination was made by Mr. Hunt himself."

"In any case it was at Mr. Hunt's request with the concurrence of his attorney and with the agreement of the prosecutor, and the agreement was that the results of that examination would be stipulated into evidence at trial. The only question that remains to be decided is what is the meaning of the term results."

It therefore appears that there had been an express waiver and stipulation to enter the results into evidence. We affirm, however, not upon the basis that the record clearly discloses an express waiver, as we think it should in such cases, but rather because we decline to consider assigned error not raised at the trial. *Brown* v. *State,* (1975) 264 Ind. 40, 338 N.E.2d 498; *Pinkerton* v. *State,* (1972) 258 Ind. 610, 283 N.E.2d 376; *Clark* v. *State,* (1976) 265 Ind. 161, 352 N.E.2d 762. To be reviewable upon appeal, the admission of evidence must have been objected to at trial upon the same grounds urged on appeal. *Tyler* v. *State,* (1968) 250 Ind. 419, 236 N.E.2d 815. It is our opinion that if the trial court's ruling was in fact erroneous, it, nevertheless, did not rise to the level of fundamental error requiring a variance from this rule.

We find no reversible error, and the judgment of the trial court is affirmed.

Givan, C.J., Hunter and Pivarnik, JJ., concur; DeBruler, J., consurs in result.

NOTE.—Reported at 366 N.E. 638.