Richard D. CHARLTON, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 280S30.

Supreme Court of Indiana.

Aug. 28, 1980.

John F. Surbeck, Jr., Deputy Public Defender, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Richard D. Charlton, was convicted in a bench trial of robbery, a class A felony, Ind. Code § 35–42–5–1 (Burns 1979 Repl.) and sentenced to twenty years' imprisonment. His only allegation of error is that there is insufficient evidence to support the trial court's finding of guilty.

The evidence most favorable to the state reveals that the victim, a police officer, was patrolling an area in Fort Wayne, Indiana, on the night of September 20, 1978, in an unmarked car. As he was traveling down a street, he noticed what appeared to be a female waving and yelling at him to slow down. He stopped, and the individual, whom the officer identified in court as the defendant dressed in women's clothing, propositioned him. When the officer declined, the defendant drew a gun, ordered him out of his car, and demanded all his money. The officer gave him a five dollar bill. Angry over the small amount, the defendant struck the officer and then took the money as well as the officer's automobile. Defendant was later apprehended in the car by other police officers who searched him and found the five dollar bill.

It is well recognized that in reviewing the sufficiency of the evidence, this Court will not weigh the evidence nor determine the credibility of witnesses but will only view the evidence most favorable to the state and the logical inferences to be drawn therefrom. If there is substantial evidence of probative value to establish every element of the crime, the verdict will not be disturbed. *Norris v. State*, (1979) Ind., 394 N.E.2d 144; *Hill v. State*, (1979) Ind., 394 N.E.2d 132.

■ Defendant first contends that there is insufficient evidence to prove any crimi-

nal intent on his part. In support of his argument, he asks us to accept his version of the night's events which made the officer appear as the aggressor and the one who initiated the confrontation. If effect, defendant wants us to reweigh the evidence and to judge the credibility of witnesses. This we cannot do. Knowledge or intent need not be proven by direct, positive evidence but may be inferred from the facts and circumstances presented in each case. *Burkhalter v. State*, (1979) Ind., 397 N.E.2d 596; *Williams v. State*, (1979) Ind., 395 N.E.2d 239. There is ample evidence from which the trier of fact could infer that the defendant knowingly committed the robbery as charged. Ind. Code § 35–42–5–1 (Burns 1979 Repl.).

■ Defendant next challenges his conviction of a class A felony, asserting that the evidence is insufficient to establish that he was armed with a deadly weapon. Robbery, normally a class C felony, becomes a class B felony "if it is committed while armed with a deadly weapon," and a class A felony "if it results in either bodily injury or serious bodily injury to any other person." Ind. Code § 35–42–5–1 (Burns 1979 Repl.). In *Cape v. State*, (1980) Ind., 400 N.E.2d 161, we held that robbery is a class A felony when it results in bodily injury or serious bodily injury to any other person whether or not the defendant was armed with a deadly weapon. We were of the opinion that the legislature intended the class A and class B felony provisions of Ind. Code § 35–42–5–1 (Burns 1979 Repl.) to be separate and not cumulative. We, therefore, need not address this sufficiency claim.

■ The defendant contends that, in any event, the evidence is insufficient to prove that the victim suffered bodily injury or serious bodily injury. We have previously stated that the uncorroborated testimony of the victim is sufficient to sustain a conviction. *Richmond v. State*, (1979) Ind., 387 N.E.2d 1312; *Reid v. State*, (1972) 259 Ind. 166, 285 N.E.2d 279. Here, the officer testified that the defendant became angry when he was given only five dollars. According

to the officer, the defendant then hit him across the face with the barrel of a handgun. The blow was described as "quite painful," causing the victim to stagger and nearly black out. The officer further testified that x-rays were taken of his head and face, that he had headaches the next morning, and that he developed double vision which lasted around two months. This evidence is sufficient to warrant a finding that the robbery resulted in bodily injury to the victim. Ind. Code § 35–41–1–2 (Burns 1979 Repl.). There was no error in treating the robbery conviction as a class A felony.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.