Darl "Hunk" HAVENS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 181S1.

Supreme Court of Indiana.

Dec. 29, 1981.

(5) Whether the Habitual Offender statute denies Defendant Equal Protection of the law.

(6) Whether the Habitual Offender statute violates separation of powers proscriptions.

(7) Whether the evidence is sufficient to sustain the verdict upon the Habitual Offender charge.

## ISSUE I

Defendant contends that the trial court erred in overruling his objections to documents which evidence a stipulation and waiver of rights with respect to a polygraph examination. He claims that the documents do not comport with the requirements of *Owens v. State*, (1978) Ind.App., 373 N.E.2d 913, 915, which we adopted in *Pavone v. State*, (1980) Ind., 402 N.E.2d 976, 978–79.

■ State's Exhibit 11 is a "Polygraph Warning and Waiver of Rights" which Defendant and his trial counsel, who is also appellate counsel, signed on May 14, 1980. The Prosecutor or his representative did not sign the document, and Defendant opines, therefore, that the waiver does not satisfy the *Owens* requirement of a written stipulation signed by the Defendant, his attorney, and the State. We agree that this document alone is inadequate; however, State's Exhibit 12, a "Stipulation and Agreement" does meet the *Owens* requirements. It bears the signatures of Defendant, his counsel, and the Prosecutor. Nothing in *Owens* requires that all the documents submitted to show Defendant's voluntary submission to the polygraph examination be signed by Defendant, his attorney and the Prosecutor. We have found that a defendant may waive the right to object to the admissibility of a polygraph examination entirely by testimony. *White v. State*, (1978) 269 Ind. 479, 483–84, 381 N.E.2d 481, 484–85.

Defendant also complains that State's Exhibit 12 is incomplete because it contains a blank where the identity of the examiner

Manuel P. Guerrero, Marion, for appellant.

Linley E. Pearson, Atty. Gen., Dan S. LaRue, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Judge.

Defendant (Appellant) was convicted of Attempted Burglary, Ind.Code §§ 35–41–5–1, 35–43–2–1 (Burns 1979), and being an Habitual Offender, Ind.Code § 35–50–2–8 (Burns 1979) and sentenced to thirty-two (32) years imprisonment. This direct appeal presents the following issues:

(1) Whether the trial court erred in admitting evidence of Defendant's having failed a polygraph examination.

(2) Whether the trial court erred in its ruling upon Defendant's motion to disqualify the Deputy Prosecuting Attorney.

(3) Whether the trial court erred in denying Defendant's motion for a mistrial.

(4) Whether the trial court erred in failing to grant Defendant's motion for judgment on the evidence.

should appear;[1] however, as we explain below, he does not show us how he was harmed thereby.

Defendant further complains that it is invalid due to the order in which the parties signed the stipulation. The record does not show conclusively that the signatures were not made contemporaneously. It matters little that the Prosecutor may have signed first, and it would have been impossible for all the signators to sign the agreement at the exact same time. *Owens* imposes no such requirement.

Further we find that based upon this record, Defendant waived his objections with respect to both exhibits. Defendant did not assert to the trial court that there was no valid agreement or stipulation. until after he took and failed the polygraph examination. He does not contend that the stipulation was signed after the examination, and the record shows the contrary. If Defendant and his counsel believed that the stipulation was not binding and valid, the manner of objection was to refuse to submit to the polygraph examination.[2] By its very nature the taking of a polygraph examination is the prerogative of the accused. *Willis v. State*, (1978) 268 Ind. 269, 271, 374 N.E.2d 520, 522; *Baker v. State*, (1976) 265 Ind. 411, 413, 355 N.E.2d 251, 253.

The *Owens* rules protect both the State and the Defendant by requiring that they reach an agreement before either side knows the results of the polygraph examination. *See Serrano v. State*, (1977) 266 Ind. 126, 129–30, 360 N.E.2d 1257, 1259–60. In this case we find nothing in the record to show that Defendant and his counsel did not intend that the waiver he signed be effective and did not intend to be bound by the stipulation that they signed. *See White v. State, supra.* The same is true of the actions of the State, and we would hold the State to this agreement, which appears reg-

ular and binding upon its face, if Defendant had passed the polygraph examination.

There is no merit to Defendant's contentions, and the trial court did not err in its admission of evidence relating to the polygraph examination.

## ISSUE II

Prior to trial, Defendant moved the trial. court to disqualify the Deputy Prosecutor from acting in this cause. The Deputy Prosecutor had represented Defendant in the actions which were alleged as the basis for the Habitual Offender charge. The trial court disqualified the Deputy Prosecutor from representing the State upon the habitual offender charge, and denied the motion in all other respects.

An attorney cannot be permitted to represent or assist the State in the prosecution of a criminal defendant whom he has previously represented in the same or in a closely related matter. *Branan v. State*, (1974) 161 Ind.App. 443, 444, 316 N.E.2d 406, 407, *trans. denied*, (1975) 263 Ind. 4, 321 N.E.2d 841. The purpose of this rule is to prevent the attorney from using, at some later date and to Defendant's detriment, information obtained from the defendant in confidence.

Defendant asserts only one instance of confidential information having been divulged, and that was that he was a member of a motorcycle gang which included another person who was involved in the attempted burglary. This information is not confidential, and Defendant has not shown that through the past professional relationship, the Deputy Prosecutor acquired any knowledge upon which the prosecution for attempted burglary is predicated. *Walker v. State*, (1980) Ind.App., 401 N.E.2d 795, 796.

---

**1.** Defendant also contends that the qualifications of the unidentified examiner were not in the stipulation. Since the identity of the examiner was not included, it would obviously have been impossible to state his qualifications.

**2.** This is not to say that one may not under any circumstances challenge the existence of the agreement after taking the test and learning the results thereof. In this instance, however, the objections address the form of the agreement only, and such matters are waived if not raised in a timely manner.

## ISSUE III

At Defendant's request, the trial court continued the commencement of the habitual offender phase of the proceedings for two weeks. During that time a juror discussed the case with two of his relatives. The trial court excused the juror and appointed one of the alternate jurors in his place. Defendant objected and moved for a mistrial. He contends that the same jury that determined his guilt of attempted burglary did not determine his status as an habitual offender.

Ind.Code § 35–50–2–8(c) provides in pertinent part:

"If the person was convicted of the felony in a jury trial, the jury shall reconvene for the sentencing hearing: * * *."

Under the statute Defendant is not entitled to have the exact same jury, person for person, sit in the habitual offender proceeding. An alternate juror is a member of the jury, *Johnson v. State*, (1977) 267 Ind. 256, 259, 369 N.E.2d 623, 625, *cert. denied*, (1978) 436 U.S. 948, 98 S.Ct. 2855, 56 L.E.2d 791, and should it become necessary during the course of a trial to replace a juror with an alternate, the "jury" continues legally constituted and duty bound to perform its function. Ind.R.Tr.P. 47(B); *Landers v. State*, (1975) 165 Ind.App. 221, 233, 331 N.E.2d 770, 777. Defendant cites no authority which holds that this principle does not apply to habitual offender proceedings or the bifurcation that results therefrom. In the past we have allowed entirely different juries to determine habitual offender status where the first proceeding resulted in a hung jury, *State v. McMillan*, (1980) Ind., 409 N.E.2d 612, *cert. denied*, (1981) 450 U.S. 1003, 101 S.Ct. 1714, 68 L.Ed.2d 207, and where the first proceeding contained a procedural irregularity, which required a remand for further proceedings. *Miller v. State*, (1981) Ind., 417 N.E.2d 339, 342–43.

Defendant was not entitled to have a mistrial declared.

## ISSUE IV

Defendant contends that the trial court erred in denying his motion for a directed verdict at the close of the State's case. This assignment is not available, however, inasmuch as he did not stand upon the motion but introduced evidence in his defense. *Ingram v. State*, (1981) Ind., 426 N.E.2d 18, 19. We add only that Defendant asks us to redetermine the credibility of an accomplice's testimony. The accomplice related in detail the plan to burglarize a cafe in order to obtain money. Defendant functioned as the lookout, while the accomplice used a hammer to put a hole in the building's wall.

## ISSUE V

Defendant next contends that the Habitual Offender Statute, Ind.Code § 35–50–2–8, denies equal protection of the law and due process under the Fourteenth Amendment to the United States Constitution and Article 1, sections 12 and 23 of the Indiana Constitution.

Defendant refers to Corrections Department statistics, which are not part of the record, that show selective enforcement of Ind.Code § 35–50–2–8 against males. Since in effect we have no evidentiary record on this matter before us, we cannot determine if any selective enforcement exists, or if the basis of any selective enforcement is an unjustifiable or illegal standard. *Oyler v. Boles*, (1962) 368 U.S. 448, 456, 82 S.Ct. 501, 505–06, 7 L.Ed.2d 446, 452–53. *See Bordenkircher v. Hayes*, (1978) 434 U.S. 357, 364, 98 S.Ct. 663, 668–69, 54 L.Ed.2d 604, 611. The contention has no merit.

## ISSUE VI

Defendant contends that the Habitual Offender statute violates Articles I—III of the United States Constitution and Article III, section 1 of the Indiana Constitution, all of which treat the separation of powers:

"Absolutely *no* standards are provided by law for the prosecutor's guidance in determining when such a charge should be filed, and the sentencing judge has *no* discretion with regard to the penalty once the two (2) prior felonies are proven.

This creates unparalleled opportunities for discriminatory and irrational enforcement and provides undeniable potential for abusive and unequal application of the law and its arbitrary and irratic enforcement."

No standards are provided by law for the Prosecutor's guidance in determining when any criminal charges should be prosecuted or to what extent they should be prosecuted. ··Discretion in these matters inheres within the office of the Prosecutor. *Eaton v. State*, (1980) Ind., 408 N.E.2d 1281, 1284. Defendant presented no evidence which even hints that the standards upon which the prosecutor sought to have him sentenced as an habitual offender were unlawful. *Oyler v. Boles, supra.*

With respect to the trial court's lack of discretion in sentencing, the Legislature has the power to set the penalties and the range of available dispositions in criminal cases. *State v. Palmer*, (1979) Ind., 386 N.E.2d 946, 949. That power was properly exercised when the Legislature enacted Ind.Code § 35–50–2–1 et seq. (Burns 1979) into law; and if necessary, the State may seek Mandamus in this Court to compel a trial court to impose a sentence within the prescriptions of the sentencing statutes. *Tillman v. State*, (1981) Ind., 426 N.E.2d 1149. Thus, the trial court's power extends only to choosing from legislatively granted sentencing alternatives, *Osborne v. State*, (1978) 268 Ind. 392, 397, 375 N.E.2d 1094–1097, and Defendant's citation to *Brown v. Parratt*, (8th Cir. 1977) 560 F.2d 303, 306 n. 4 (Heaney, J., concurring) does not reflect a correct statement of the trial court's sentencing powers in Indiana. The Legislature's scheme for sentencing under the Habitual Offender statute does not violate separation of powers proscriptions.

## ISSUE VIII

Lastly, Defendant challenges the sufficiency of the evidence to sustain the finding of habitual offender status:

"The record here most favorable to the State is testimony by the Clerk of the Court who introduced two copies of criminal informations and two certified copies of Order Book Entries of two prior criminal causes in the Grant Circuit Court; a court bailiff who identified appellant as the same person who had received felony convictions on prior occasions; and testimony from the Clerk that those two prior convictions had not been set aside. There was no evidence presented by the State on (1) whether defendant had been pardoned on either of the two convictions; and (2) whether or not the felony convictions resulted in incarceration in a state prison as required in *Morris v. State* (1980) [Ind.], 406 N.E.2d 1187."

Whether or not one of the charged prior convictions had been set aside or had resulted in a pardon, Ind.Code § 35–50–2–8(b) is an affirmative defense, *Williams v. State*, (1981) Ind., 424 N.E.2d 1017, 1018, upon which Defendant presented no evidence. Proof of incarceration was required under Ind.Code § 35–8–8–1 (Burns 1975), the statute under which *Morris* was decided. Under Ind.Code § 35–50–2–8, the statute applicable to Defendant, the State no longer has to show incarceration. *Miller v. State*, (1981) Ind., 417 N.E.2d 339, 342. The evidence as related above, is adequate to sustain a finding of habitual offender status.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER and PIVARNIK, JJ., concur.

HUNTER, J., concurs in result.