Melvin SCHRAVEN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–982A239.

Court of Appeals of Indiana,
Third District.

March 23, 1983.

Kenneth L. Anderson, Griffith, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Following a jury trial, Melvin Schraven was convicted of raping[1] K.N. in her home on August 12, 1981. Schraven appeals that conviction, raising three issues:

(1) Whether the State presented sufficient evidence that Schraven forced K.N. to have sexual intercourse with him;

(2) Whether evidence concerning a polygraph test that Schraven took should have been admitted even though the State did not stipulate to such admission; and,

(3) Whether a witness for the defendant should have been allowed to testify regarding unrelated prior acts of misconduct on the part of K.N. for which she was never prosecuted.

Affirmed.

On August 11, 1981, Melvin Schraven asked K.N.'s husband for permission to take his son to McDonald's for breakfast the next morning. Schraven was acquainted with K.N. and her husband and had taken their son to Vacation Bible School earlier that summer, so K.N.'s husband gave him permission to pick up their son the next morning between 9:00 a.m. and 9:30 a.m. Arriving at 7:45 the next morning, Schraven found K.N. in the shower and her son still asleep. He reached into the shower, grabbed K.N. and pulled her out, knocking

1. IC 1976, 35–42–4–1 (Burns Code Ed., 1979 Repl.).

the glass shower doors partway off their track. He put K.N. on the floor and had sexual intercourse with her despite her struggling and trying to call for help. When he had finished, Schraven told K.N. that he would kidnap her son if she called the police. That afternoon, K.N. went to St. Margaret's Hospital in Hammond, Indiana and she reported the rape to the police.

## I.

### Sufficiency

■ When reviewing the sufficiency of the evidence, this Court will neither weigh the evidence nor judge the credibility of witnesses. We will consider the evidence most favorable to the State and all the reasonable inferences which may be drawn from that evidence. If there is substantial evidence of probative value on each element of the crime, we will not disturb the judgment. *Smith v. State* (1982), Ind., 429 N.E.2d 956, 957.

Schraven was convicted of violating IC 1976, 35–42–4–1 (Burns Code Ed., 1979 Repl.) which provides in part:

"(a) A person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when:

"(1) The other person is compelled by force or imminent threat of force; . . . commits rape, a class B felony. . . ."

He contends that the evidence is not sufficient to support his conviction; he urges instead a different interpretation that K.N. consented to the act and that there was no evidence of force or threats of force. K.N. testified that she did not consent to having sexual intercourse with Schraven; she further testified that she struggled and tried to yell and that he grabbed her and put her on the floor with such force that the shower doors were knocked partway off the track. Her legs were bruised from being pulled out of the shower.

It is well-established law in Indiana that the uncorroborated testimony of the victim is sufficient to sustain a conviction for rape. *Lottie v. State* (1980), Ind., 406 N.E.2d 632,

639. The jury could have determined from K.N.'s testimony that Schraven forcibly compelled her to have sexual intercourse with him.

Schraven asserts that the sexual intercourse was consensual. To support his assertion, he relies on his testimony at trial that he had intercourse with K.N. on two previous occasions, that he had proposed having intercourse on two other occasions but did not insist when K.N. refused, and that she willingly agreed to have intercourse with him on August 12, 1981. Schraven is asking us to reweigh the evidence. This we will not do. The record contains sufficient evidence to sustain his conviction.

## II.

### Polygraph Test

■ Schraven contends that the trial court should have admitted not only evidence that he willingly took a polygraph test but also the results of that test. It is well-established in Indiana that evidence regarding the administration or results of a polygraph test is inadmissible and a motion *in limine* is proper with respect to such evidence in the absence of waiver or stipulation by the parties.[2] *Pavone v. State* (1980), Ind., 402 N.E.2d 976, 978. *See Havens v. State* (1981), Ind., 429 N.E.2d 618. There was no stipulation by the parties regarding the admissibility of the polygraph results or of references to the administration of the test. The record contains no evidence of a waiver. Therefore, the trial court did not err in refusing to admit evidence regarding the administration or results of the polygraph test.

## III.

### Prior Acts

■ Schraven attempted to introduce testimony by Catherine Ann Hanft, an employee of the Lake County Department of Public Welfare, regarding alleged misconduct by K.N. in obtaining benefits. The trial court sustained the State's objection to

---

**2.** We are not persuaded by Schraven's argu-   ments that this rule should be changed.

such testimony. Schraven contends that the exclusion of Hanft's testimony constitutes reversible error. The evidence was not related in any way to the rape charge against Schraven. A witness cannot be impeached by proof of specific prior acts of misconduct which have not resulted in convictions. *Chambers v. State* (1979), Ind., 392 N.E.2d 1156, 1160. Therefore, the trial court correctly refused to admit Hanft's testimony.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.