Larry LOVE, Appellant,

v.

STATE of Indiana, Appellee.

No. 878 S 176.

Supreme Court of Indiana.

March 30, 1979.

---

1. *Accord*, 1977 Opinions of Att'y.Gen.No. 3.

Jan E. Helbert, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant appeals convictions on five separate counts of commission of a felony while armed, to-wit: robbery, Ind.Code § 35–12–1–1 (Burns 1975), repealed October 1, 1977, arising from an armed robbery of five individuals, Anderson, Hubbard, Graves, Kikendall, and Phillips at a Marion County liquor store. He raises the following issues:

(1) whether the evidence was sufficient:

    (a) to establish that money was taken from possession of Anderson, the clerk at the store;

    (b) to identify him as one of the perpetrators of the robbery of Anderson; and

    (c) to establish the element of age;

(2) whether two exhibits, a gun and currency, were properly admitted; and

(3) whether he received effective assistance of counsel.

On October 5, 1976, at 5:00 p. m., the Clermont Liquor Store was doing a brisk business when four men stepped inside, confronted Anderson, the clerk on duty, with a .38 or .357 caliber revolver, told him to lie on the floor, and twice asked him how to

get into the store's cash register. Anderson's hands were taped and his ring and wallet containing $20 were taken from him. Then one after the other, customers Hubbard, Kikendall, Phillips and finally Graves, entered the store to purchase goods and were likewise confronted with a gun in hand and were relieved of money and chattels. After the entire episode was over a check of the cash register was made and it revealed that over $200 had been taken from it.

At the time, Wilma Knight, mother of the customer Graves, was waiting outside the store for her son to come out when she suddenly found herself face to face with a man carrying a revolver. The man commandeered her Plymouth and drove it off. Two other customers observed these events and followed the Plymouth in their own car and while doing so flagged down a deputy sheriff who immediately took up the chase. The driver of the Plymouth threw money out of the window of the car during the ensuing chase. The Plymouth was finally brought to a stop after having rammed another police car which sought to force it over. Appellant, the driver of the car, was then arrested and a .357 magnum revolver was found in his possession situated between his legs as he sat in the car. Wadded currency was recovered from the street and from the floorboards of the car amounting to more than $400. The wallet belonging to Mr. Anderson which had been taken in the robbery was also found in his possession.

(I)

█ Appellant contends that the evidence was insufficient to warrant the verdict against him in that there was no evidence that more than $200 in United States currency was taken from the possession of Anderson which belonged to the liquor store. In dealing with this issue and the subsequent ones of the same nature, we do not weigh the evidence but review it to determine whether it had sufficient probative value to warrant the determination of guilt beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657;

*Bruce v. State*, (1978) Ind., 375 N.E.2d 1042. Here no one testified that they actually saw money taken from the store's cash register in the robbery; however, there was evidence from which reasonable minds could reach the inference that such taking occurred. Mr. Anderson was the clerk on duty, and it was his job to take in money and place it in the cash register. He was confronted by the four men, at least one of whom was armed, and repeatedly asked about the method of getting into the cash register. Anderson testified that he was in fear and, without objection, that after the episode more than $200 was found to be missing from the register. When arrested appellant possessed more than $200 in wadded bills. This evidence is sufficient to support the further inference that the requisite sum was taken from the possession of Anderson.

█ Appellant next contends that the evidence was insufficient to warrant the determination that he was one of the perpetrators of the armed robbery of Anderson. Testimony at trial established that the robbery was observed to be taking place by Wilma Knight who was waiting outside. Appellant emerged at the time from the store with revolver in hand. He commandeered a car, refused to pull over when required to do so by a police car in pursuit, and when stopped was found in possession of a revolver, a large amount of wadded cash, and Mr. Anderson's wallet. The inference that appellant was a full participant in the robbery of Anderson is quite clearly supported by sufficient evidence.

█ The final insufficiency contention made is that there was a lack of evidence to establish that appellant was over sixteen years of age. The prosecution presented testimony of a deputy sheriff who testified that in his opinion appellant was over the age of sixteen years. This was sufficient evidence, if believed by the jury, to support the conviction. *Chrisp v. State*, (1978) Ind., 372 N.E.2d 1180; *McGowan v. State*, (1977) Ind., 366 N.E.2d 1164; *Willoughby v. State*, (1965) 247 Ind. 210, 214 N.E.2d 169.

### (II)

Appellant contends that the trial court erred in receiving in evidence State's Exhibits Nos. 1 and 5: the revolver taken from the Plymouth and the currency found on the street and on the floorboard of the Plymouth. Appellant argues that since none of the State's witnesses could identify the revolver as having been the one brandished in his presence or the currency as having been the money taken, no proper foundation was made for their admission. We find that both exhibits were admissible in view of the evidence which was presented. Both were found in appellant's possession in the car which he stole to escape in. Appellant was seen to have exited the liquor store with a revolver in hand. A revolver was brandished in the store which was a .38 caliber or a .357 caliber and Exhibit No. 1 is a .357 caliber revolver. Money was taken in the robbery, and the money found in the car was wadded up and simply dumped on the floor. This evidence connected the gun and the money with the robbery and was relevant circumstantial proof that an armed robbery had taken place as charged. *Candler v. State*, (1977) Ind., 363 N.E.2d 1233.

### (III)

Appellant also urges that he was not provided with effective legal assistance by his trial counsel. He marshalls support for this contention by pointing to the failure of trial counsel to file a pre-trial motion for discovery or to arrange a lineup or a polygraph test for appellant to take. The record reveals that discovery was ordered and fully accomplished without the use of a formal motion therefor by the defense. Evidence of guilt admissible at trial against the accused can and often is generated by the lineup and the polygraph test. Whether to invoke these procedures and thereby subject one's client to the hazards which they pose is a matter which calls for trial counsel to exercise his professional skills and judgment to a high degree. This Court on appeal will not substitute its judgment for trial counsel's on the matter of such

strategy and trial tactics. *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843. Nothing presented in this record would indicate that counsel's decision in this regard shows a lack of effective representation.

These convictions are affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.