**Phillip Allen FIELD, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 980S365.**

Supreme Court of Indiana.

Oct. 13, 1981.

Daniel L. Toomey, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Phillip Allen Field, the appellant, was charged with robbery, a class A felony, in violation of Ind.Code § 35–42–5–1, and was convicted of the charge after a jury trial. In addition, the State sought to have Field sentenced as an habitual offender pursuant to Ind.Code § 35–50–2–8. The jury made the finding that Field was an habitual offender. The trial court sentenced Field to twenty-five years' imprisonment on the underlying charge and added thirty years to the term pursuant to the habitual offender sentencing statute, *supra*. Field's motion to correct error was denied.

Field then sought and received permission to file a belated motion to correct error adding the issue of ineffectiveness of counsel to the original motion to correct error. The belated motion was also denied and this appeal follows. One issue is preserved for appeal: Whether trial counsel was ineffective for failing to interpose the defense of insanity.

Michael Troumouliaris was appointed to represent Field on September 6, 1979, after Field had already entered a plea of not guilty while being represented by another public defender. Eleven days before the trial was scheduled to begin, Troumouliaris filed a motion for a continuance on January 31, 1980, which recited that, for the first time since he undertook representation of Field, his client informed him that he was subject to black-outs and that this problem existed at the time of the crime. The motion suggested that this new information was relevant to the questions of Field's sanity at the time of the robbery and his competency to stand trial. Troumouliaris also requested that his client be examined by physicians, and advised the court that Field wanted to hire private counsel and private physicians.

The court, on February 1, 1980, granted the motion for a continuance and rescheduled the trial for March 17. Also, upon the State's motion asking the court to set a deadline for the filing of a "suggestion of insanity", the court gave appellant until March 1, 1980, to file the suggestion. Instead of petitioning the court to permit the filing of a notice of intent to interpose the defense of insanity pursuant to Ind.Code § 35–5–2–1, however, Troumouliaris filed a "motion for insufficient comprehension" pursuant to Ind.Code § 35–5–3.1–1, requesting the appointment of two competent, disinterested physicians to determine whether his client had sufficient comprehension to understand the charges against him or to aid in his defense. The court then appointed two psychiatrists, both of whom filed reports concluding that Field was competent to stand trial. The court found that appellant was competent to stand trial, and the case proceeded to trial. The defense of insanity was never interposed.

Field contends that his trial counsel was aware of a probable insanity defense and was incompetent in failing to file the requisite notice of intent to interpose it thereby foreclosing its use at trial. In addition, Field maintains that his counsel displayed incompetence in his trial strategy. Troumouliaris, he claims, attempted to avoid a conviction for the class A felony and secure a conviction for robbery, a class B felony, on the theory that his client's shooting of a customer during the robbery of a store was accidental, although counsel conceded in final argument to the jury that an accidental injury would not relieve his client from criminal responsibility for the class A count. Trial counsel failed to present any defense although one was available, and afforded merely perfunctory representation, reducing the trial to "a mockery of justice," Field argues.

In evaluating claims of ineffective assistance of counsel, we have summarized the law as follows:

"Counsel is presumed to have prepared and executed his client's defense effectively. *State v. Irvin* (1973), 259 Ind. 610, 291 N.E.2d 70; *Robbins v. State* (1971), 257 Ind. 273, 274 N.E.2d 255. This presumption is rationally grounded in the educational and other requirements for admission to the practice of law, but is rebuttable by strong and convincing proof. *Robbins v. State, supra.* In resolving the issue, a court should consider the totality of the circumstances surrounding counsel's pre-trial preparation and the actual conduct of the trial. *Lowe v. State* (1973), 260 Ind. 610, 298 N.E.2d 421; *Blackburn v. State* (1973), 260 Ind. 5, 291 N.E.2d 686; *Sargeant v. State* (1973), 157 Ind.App. 173, 299 N.E.2d 219. Perfunctory representation is not enough. *Wilson v. State* (1943), 222 Ind. 63, 51 N.E.2d 848; *Castro v. State* (1925), 196 Ind. 385, 147 N.E. 321. Counsel must have reasonable time for pre-trial preparation. *Hartman v. State* (1973), 155 Ind. App. 199, 292 N.E.2d 293. Deliberate choices made by counsel for some contemplated tactical or strategic reason which turn out to be detrimental to the client's cause do not establish ineffective representation. *Henry v. Mississippi* (1965), 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408; *Lowe v. State, supra.*" *Magley v. State,* (1975) 263 Ind. 618, 335 N.E.2d 811, 814. We cited the above exerpt recently in *De-Villez v. State,* (1981) Ind., 416 N.E.2d 846, at 849–850, an appeal from the denial of a petition for post-conviction relief in which the appellant claimed that her trial counsel was incompetent for failing to have her examined by psychiatrists to determine her ability to make a plea or present a defense of insanity, among other failings. In *De-Villez* there was conflicting evidence at the hearing on the petition regarding the decisions of trial counsel as to the possible plea of insanity and other matters. We concluded that the trier of fact was not required, in light of the totality of surrounding circumstances, to conclude that counsel was constitutionally ineffective since there was evidence that the plea of insanity was discussed with the appellant and rejected as a matter of trial strategy.

In the present appeal, the record includes the transcript of a hearing on a motion to amend the motion to correct error by which Field successfully sought to add the issue of incompetence of counsel. Troumouliaris testified that he discussed the plea with his client but concluded that it would be a mistake to interpose it because Field's past criminal record, including at least two prior robbery convictions, would have been placed before the jury, and because it would have meant admitting that his client committed the acts charged. In making this decision he also considered the written statement of one of the examining physicians that Field's memory was intact and that he was capable of relating the incidents leading up to the present charge.

■ Whether to interpose the defense of insanity is, like the decision to forego a lineup or polygraph test, "a matter which calls for trial counsel to exercise his professional skills and judgment to a high degree. This Court will not substitute its judgment for trial counsel's on the matter of such strategy and trial tactics." *Love v. State,* (1979) Ind., 387 N.E.2d 61. (Citing *Maldonado v. State,* [1967] 265 Ind. 492, 355 N.E.2d 843.) The failure to file the notice of intention to file an insanity defense did not constitute ineffective assistance of counsel.

■ The other aspect of the incompetency claim is similarly without merit. Field had been arrested by the police as he was leaving the store that he robbed, carrying the shotgun used in the shooting and the money taken. He was positively identified by several witnesses who were in the store during the robbery. Given the strength of the State's case and the lack of any defense, we cannot in hindsight fault trial counsel for his attempt to persuade the jury to show leniency by returning a verdict for the class B felony, even though the accidental nature of the shooting would not have relieved his client of responsibility for the class A felony. Indeed, the record shows that counsel was successful in persuading

the trial judge, over the State's objection, to give an instruction on the lesser, included defense of robbery, a class B felony. We cannot conclude that trial counsel demonstrated incompetence in this regard.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.