**Everett OSBORNE, Jr., Appellant (Petitioner below),**

v.

**STATE of Indiana, Appellee (Respondent below).**

No. 983S332.

Supreme Court of Indiana.

Aug. 15, 1985.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The petitioner-appellant, Everett Osborne, Jr., is before this Court appealing from the denial of his petition for post-conviction relief. He was charged initially with kidnapping, Ind. Code § 35–1–55–1 (Burns 1975) and armed felony (robbery), Ind. Code § 35–12–1–1 (Burns 1975). Appellant was found guilty by a jury. He received a life sentence and a fifteen-year consecutive term of imprisonment. His convictions were affirmed on direct appeal in *Osborne v. State* (1978), 268 Ind. 392, 375 N.E.2d 1094.

Appellant raises four issues in this appeal from denial of post-conviction relief: (1) whether he had effective assistance of counsel at his trial; (2) whether the content of instruction number twelve presents grounds for fundamental error; (3) whether the sentence imposed was excessive; (4) whether the post-conviction court had jurisdiction to rule on appellant's petition for post-conviction relief.

These are the facts pertinent to this appeal. The victim was engaged in a conversation with appellant at a bar when appellant tried unsuccessfully to sell the victim a gun. The victim later agreed to give appellant a ride home. The victim drove while appellant sat in the front passenger seat. After driving for a while, appellant jumped over into the back seat and pointed a gun at the victim's head. Appellant told the victim to give him his wallet. Appellant almost immediately forced the victim to stop the car and get out and open the trunk. Some additional items were then taken by appellant from the trunk. Appellant then forced the victim to get back into the car and to drive it in accordance with his instructions, often directing the victim to stop the car and then resume driving. At one such stop appellant fired shots at

the interior of the victim's car. Appellant's gun was continually pointed at the victim, and he threatened to kill the victim several times during the course of these crimes. Appellant eventually directed the victim to drive to a trailer park which was appellant's final destination. After appellant left the victim's car, the victim reported the crimes to the police.

Appellant went to a friend's trailer where he spent the night. He told her that a man tried to steal the guns which appellant offered to sell this man. Consequently, appellant took the man's money and recovered his guns. Appellant also told her that he shot out the windshield of this man's car.

The following pertinent findings were made by the post-conviction court:

(1) The examining physicians of Madison State Hospital stated in a written report that appellant did not exhibit signs or symptoms of psychosis. Appellant was diagnosed as having an anti-social personality.

(2) Appellant's presentence, psychological, evaluation report also stated that there was no evidence that appellant was psychotic.

(3) Trial counsel Houston conferred with appellant's former counsel Vance and obtained copies of all documents which Vance had relevant to this cause.

(4) Appellant never requested or indicated to Houston his desire to enter a plea of not guilty by reason of insanity.

### I.

Appellant's ineffective assistance of counsel argument is predicated on the following five errors allegedly committed by trial counsel Houston: (1) failure to raise the defenses of voluntary intoxication and insanity; (2) failure to object to the testimony of the only defense witness, who appeared to be intoxicated; (3) failure to interview or subpoena potential defense witnesses suggested by appellant; (4) failure to elicit on cross-examination of State witnesses testimony favorable to appellant;

(5) failure to challenge instruction number twelve.

To succeed on an ineffective assistance of counsel claim, appellant must satisfy the *Strickland* performance-prejudice standard. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The performance component requires appellant to show that counsel's performance was deficient. The attorney performance standard is reasonably effective assistance which is objectively measured by the prevailing professional norms. To satisfy this criterion, appellant must overcome the strong presumption that counsel's conduct lies within the wide range of reasonable professional assistance. The prejudice component requires appellant to show that counsel's unreasonable performance not only prejudiced the defense, but also that this prejudice undermined the reliability and fairness of the proceeding.

Appellant's first claim is that Houston failed to raise the defenses of voluntary intoxication and insanity. Assuming arguendo that a voluntary intoxication defense should have been presented, there is no merit to appellant's contention. The court's final instruction number sixteen, which was requested by the State, recited that voluntary intoxication may relieve appellant from criminal responsibility if appellant had been so intoxicated that he was incapable of forming specific intent. While appellant's counsel did not raise this defense, the *Strickland* prejudice component is not satisfied where the jury is so instructed.

Appellant also maintains that Houston should have raised an insanity defense. Appellant had been voluntarily admitted to Madison State Hospital and was arrested for the present offenses while he was hospitalized. Houston testified at appellant's post-conviction hearing that he was aware of appellant's hospitalization. Houston also testified that he discussed insanity as a potential defense with his partner. Houston did not recall appellant requesting

this defense or discussing the defense with appellant. However, Houston felt that he probably did discuss the insanity defense with appellant. While Houston's partner suggested that the insanity defense be raised, Houston researched the relevant statutes and decided against this strategy.

The decision to interpose the insanity defense is a matter which requires trial counsel to exercise his professional skills and judgment. Trial counsel's decision not to raise the insanity defense is a matter of strategy and does not support a claim of ineffective assistance of counsel. *Field v. State* (1981), Ind., 426 N.E.2d 671.

Appellant's second claim is that Houston failed to object to the testimony of his only defense witness, who apparently came to court intoxicated. Houston testified at appellant's post-conviction hearing that he had believed this defense witness to be intoxicated. However, trial counsel is not responsible for the intoxicated state of the defense witness. Moreover, direct examination of this defense witness was limited, which may reflect the tactical decision of trial counsel to excuse the witness after what Houston believed to be an appropriate length of examination under the circumstances.

Appellant also maintains that he did not receive any beneficial evidence from this defense witness's testimony. Trial counsel's assistance does not become ineffective because a defense witness's testimony, in hindsight, does not produce beneficial evidence.

Appellant's third claim is that Houston failed to interview or subpoena witnesses whom appellant believed to be beneficial to his case. As a general proposition, the decision whether to call a particular witness is encompassed within the attorney's trial strategy. Absent a clear showing of injury and prejudice, we will not declare counsel ineffective for failure to call a witness. *McCann v. State* (1983), Ind., 446 N.E.2d 1293. In the case at bar, Houston did question several of these potential defense witnesses but this investiga-

tion did not reveal any positive witness evidence. Once again Houston made a tactical decision which does not support an ineffective assistance of counsel claim.

The failure of the cross-examination of State's witnesses to elicit testimony favorable to appellant comprises appellant's fourth claim. On cross-examination the victim's frequent alcohol consumption and prior inconsistent statements were challenged. Cross-examination of another State's witness emphasized appellant's claim that the victim tried to steal appellant's guns. Another State's witness stated on cross-examination that she could not positively identify the previously admitted guns as those which she saw in appellant's possession the night of the crimes. The record shows that Houston vigorously cross-examined the State's witnesses. In any event, the nature and extent of cross-examination is a matter of strategy delegated to trial counsel.

Appellant's final claim is that trial counsel failed to challenge instruction number twelve. Instruction number twelve states, in pertinent part: "It is ordinarily reasonable to infer that a person intends the natural and probably [sic] consequences of acts knowingly done or knowingly omitted." Appellant maintains that this instruction impermissibly shifted the burden of proof on the element of intent. Since the content of this instruction is permissible, *Davidson v. State* (1982), Ind., 442 N.E.2d 1076, the failure of trial counsel to object to a proper instruction does not support an ineffective assistance of counsel claim. *Lipps v. State* (1981), Ind., 428 N.E.2d 237.

## II.

Appellant maintains that the trial court committed fundamental error by presenting instruction number twelve to the jury. Insofar as appellant has not demonstrated that this issue was unascertainable or unavailable at the time of his trial and direct appeal, an allegation of fundamental error may not be raised in the post-

conviction proceedings. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260.

### III.

Appellant's argument that his sentence is excessive is predicated on three grounds: (1) his sentence constitutes cruel and unusual punishment; (2) a five-year imprisonment term is commensurate with the crimes committed; (3) imposition of consecutive sentences was an error.

 Appellant's claim that his sentence constitutes cruel and unusual punishment was raised and determined by this Court on direct appeal. *Osborne*, 375 N.E.2d at 1097. Since no additional argument is presented by appellant, our earlier decision is *res judicata* and thus this issue is not reviewable in post-conviction proceedings. *Adams v. State* (1982), Ind., 430 N.E.2d 771.

 Appellant maintains that the post-conviction hearing testimony establishes that the sentence he received was excessive. At appellant's post-conviction hearing, the victim, trial counsel Houston, and some of appellant's familial relations testified that the five-year term of imprisonment already served was sufficient punishment for the crimes committed. The pre-sentence investigation report also recited that a life sentence was too long and recommended a four-to-ten-year sentence range. Appellant's argument essentially presents equitable grounds to support a sentence modification. A post-conviction court does not have jurisdiction to so modify a sentence. *Marts v. State* (1985), Ind., 478 N.E.2d 63.

 Appellant argues that the imposition of consecutive sentences was an error. We agree with appellant and therefore remand for sentencing corrections consistent with this opinion.

Appellant received a life sentence for his kidnapping conviction, which was the statutory penalty encompassed within the 1975 kidnapping statute. Appellant was also convicted of armed felony (robbery) and received a fifteen-year sentence in accord-ance with Ind. Code § 35-12-1-1. The trial court, however, incorrectly required the armed felony sentence to be served consecutively to the kidnapping sentence.

Ind. Code § 35-12-1-1 (now repealed) does provide for the imposition of consecutive sentences:

> "Any person who being over sixteen [16] years of age, commits ... any felony while armed ... shall be guilty of a separate felony and upon conviction shall be imprisoned for [a] determinate period of not less than ten [10] years nor more than thirty [30] years .... Provided, That such court shall have the right to provide in the judgment that such term of imprisonment shall not run concurrently with any imprisonment that may be adjudged for any additional crimes being attempted or committed at the same time but that such term of imprisonment shall commence at the expiration of the imprisonment˝ adjudged for any such additional crimes."

However, at least one, and in this author's opinion more than one, relevant statutory criterion for the imposition of a consecutive sentence was not satisfied.

First, the armed felony sentence may be imposed consecutively to the additional crime sentence, here kidnapping, only where the additional crime was committed at the same time. *Coleman v. State* (1975), 264 Ind. 64, 339 N.E.2d 51 (DeBruler, J., dissenting without opinion). In this case, the robbery was completed before the kidnapping occurred and thus this statutory criterion was not satisfied.

Second, the separate felony criterion was also not satisfied in this author's opinion. Ind.Code § 35-12-1-1 provides that a person may be convicted of a separate felony based upon the commission of any felony while armed. This legal concept of separateness persisted in the statute from its initial enactment in 1929, through amendments, and until repeal. The statutory authorization to impose a consecutive sentence contemplates a sentence for a crime entirely separate and distinct from all felo-

nies committed at the same time. However, there can be no such separate offense of armed felony committed, because of the relationship which exists between separate offenses and underlying felonies. To prove a charge under this statute requires proof of the underlying felony. The relationship which exists between the underlying felony of robbery and the charged felony of robbery while armed is one of lesser included offense. *Dembowski v. State* (1968), 251 Ind. 250, 240 N.E.2d 815. Since a lesser included offense does not constitute a separate offense as contemplated in this statute, appellant received an erroneous sentence. Ind.R.P.C. 1. In any event, a majority of the court votes to remand to have the sentence ordered to be served concurrently.

### IV.

Appellant claims that the post-conviction court did not have jurisdiction to rule on his petition for post-conviction relief. Appellant's post-conviction hearing concluded in August, 1981, yet the judgment was not entered until November, 1982. During the interm period appellant filed a *pro se* praecipe requesting the case be withdrawn from the judge and a new judge be appointed in accordance with Ind.R.Tr.P. 53.2. This Court denied appellant's request. Appellant maintains that our order denying his praecipe was based upon a mistake of fact and that he was prejudiced by allowing a judge to rule on his petition several months after the hearing concluded.

The office of this trial rule is to expedite proceedings by withdrawing causes from trial judges who have delayed their rulings for an unreasonable length of time. To reexamine our rulings on such praecipes on appeal would not be consistent with that office, indeed such would run counter to it. Furthermore, in light of alternative avenues to achieve both protection of the parties' interest and the interest of judicial administration, such a reexamination is unnecessary. This Court's denial of appellant's praecipe is not reviewable or appealable. This case is remanded for sen-

tencing corrections consistent with this opinion. In all other respects, the denial of post-conviction relief is affirmed.

GIVAN, C.J., dissents with opinion.

PRENTICE, J., concurs.

PIVARNIK, J., concurs in result.

HUNTER, J., not participating.

GIVAN, Chief Justice, dissenting.

I respectfully dissent from the majority opinion in this case.

First, I do not agree that the armed felony, that is the robbery, was committed at a separate time from the kidnapping. Under the facts of this case I do not see any possible separation of the two acts. Secondly, I believe there are two separate and distinct felonies committed at the same time in this case. Appellant jumped into the back seat of the victim's car as they drove along and placed a gun at the back of the victim's head. He then proceeded to direct the victim as to where he should drive, thus perpetrating a kidnapping. During the course of the kidnapping, he committed armed robbery.

I believe the decision of the trial court was correct.